**BURCH**

v.

**BURCH**

No. 10,962

United States Court of Appeals

Third Circuit

Submitted February 10, 1953

Decided June 16, 1953

*See, also, 205 F.2d 115*

Ruth Miriam Burch, *pro se*

David E. Maas, Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before MARIS, MAGRUDER, and WOODBURY, *Circuit Judges*

MARIS, *Circuit Judge*

This is an appeal by the defendant from an order awarding alimony and counsel fees following a judgment of divorce. Upon a prior appeal by the defendant this court had directed that both the plaintiff, on his complaint, and the defendant, on her counterclaim, should be granted a divorce from each other and that the district court should consider the defendant's counterclaim for alimony. Burch v. Burch (C.A.3d 1952), 2 V.I. 559, 195 F.2d 799. The defendant thereupon filed a petition amplifying her claim for alimony and the district court gave her a full hearing thereon. At the conclusion of the hearing the court entered the order appealed from which directed the plaintiff to pay $150 to the attorney for the defendant as counsel fees and $100 per month to the defendant for her support and maintenance for the

rest of her life or until she remarries. The defendant contends on appeal that the award of these sums is so inadequate as to amount to an abuse of discretion on the part of the district court which this court should correct.

In her petition the defendant sought alimony of $250 per month plus reimbursement of $4,815.04 for past living and other expenses and $1,068.50 for legal expenses in connection with the divorce proceeding. The plaintiff opposed the claim asserting that he had little property and that his current earnings did not exceed $100 per week. In our former opinion we pointed out that whether an award of alimony shall be made, as well as the amount to be awarded, is within the discretion of the district court, having regard to the conduct of both parties, the amount of property of each and all the other circumstances of the case.

In reaching its decision in this case the district court took into consideration the condition of both parties and the fact that they were both found to be at fault in the divorce proceeding. The court also found the defendant at fault in that she had not given it a satisfactory accounting of her funds and in that she had not made a reasonable effort to find employment although she could easily have found work in St. Thomas if her mental attitude and disposition had allowed her earnestly to seek it. As to the plaintiff, the court found that he was about to leave the Virgin Islands. for the United States where his financial condition should be materially bettered since because of his qualifications as an engineer positions at salaries around $10,000 a year would be available to him.

The court stated that it did not think it appropriate to fix an amount of alimony which would allow the defendant "to feel that she can sit down and be subsi-

dized for the rest of her life, with no effort on her part to seek employment or to live her own life, or to form new acquaintances and new friends." On the other hand the court did not regard the plaintiff as "free of all responsibility to help the petitioner [defendant] make a proper adjustment and to overcome many of the mental and dispositional characteristics which she now exhibits." The court concluded, therefore, that in the best interest of everyone concerned and in fairness to all it should require the plaintiff to pay the defendant some amount to help her in her living expenses and that in view of all the circumstances of the defendant and her possibilities as well as the possibilities of the plaintiff, $100 per month would be an equitable amount.

██ We have carefully reviewed the entire record of the alimony proceeding and we are fully satisfied that the findings of the district court are supported by the weight of the credible evidence and that its conclusion that the defendant shall receive alimony from the plaintiff in the amount of $100 per month is well within the bounds of its discretionary authority under the law.█ Likewise we see no abuse of discretion in the action of the court in limiting the award of counsel fees to those incurred in the alimony proceeding and in refusing an award for past living and other expenses of the defendant. Indeed it is quite doubtful whether an award on the latter account would be authorized by the Divorce Law of the Virgin Islands, Section 11 (16 V.I.C. § 108) of which merely provides in this connection that "After the commencement of an action and before a judgment therein, the court or judge thereof may, in its discretion, provide by order as follows: (1) That the husband pay, or secure to be paid, to the Clerk of the Court such an amount of money as may be necessary to enable the

wife to prosecute or defend the action, as the case may be; . . ."

The order appealed from will accordingly be affirmed.