Burke, J.
In this action by a former wife to recover arrears due under a separation agreement the defense is illegality. We find the defense well founded under section 51 of the Domestic Relations Law since the affirmed findings of fact conclusively establish that the agreement was made as an inducement to divorce.
The parties agreed that the venue of the divorce action was to be the Virgin Islands and an oral agreement was reached providing for the payment of plaintiff’s traveling expenses to that jurisdiction. The check payable to the order of plaintiff’s *367 attorney, designed to cover plaintiff’s traveling expenses to the Virgin Islands, was delivered to the attorney at the same time the separation agreenlent was executed. The defendant’s attorney stated he was ‘ ‘ submitting this agreement for signature to Mr. Viles, predicated upon the understanding arrived at that Mrs. Viles was going to the Virgin Islands for the purpose of obtaining a divorce, and that this was a condition of the execution of this agreement.” This testimony, if credited, clearly evidences a collateral oral agreement which had a direct tendency “to alter or dissolve the marriage”, and as such invalidated the written separation agreement (Domestic Relations Law, § 51; Reed v. Robertson, 302 N. Y. 596; Matter of Rhinelander, 290 N. Y. 31; Murthey v. Murthey, 287 N. Y. 740'; Niman v. Niman, 15 Misc 2d 1095, affd. 8 A D 2d 793). Though plaintiff at the trial denied knowledge of any agreement relating to a divorce, it was for the trial.court to assess the credibility of the witnesses and we are powerless to disturb the finding that there was in fact an agreement relating to a divorce.
Finally there is the circumstance that on December 8, 1951, less than two months after execution of the separation agreement, plaintiff secured a divorce from defendant. Certainly the record, taken as a whole, may be viewed as evidencing the authority of plaintiff’s attorney to negotiate a collateral agreement by plaintiff to obtain a divorce. It follows that the trial court committed no error in admitting testimony of defendant’s attorney as to conversations with plaintiff’s attorney establishing the substance of the agreement.
The order appealed from should be affirmed, without costs.