**BERRILLA K. VILES, Plaintiff**

v.

**JAMES VILES, Defendant**

Civil No. 385-1951

District Court of the Virgin Islands

Div. of St. Thomas and St. John

February 4, 1966

*See, also, 250 F.Supp. 211*

CROXTON WILLIAMS, ESQ., St. Thomas, Virgin Islands,
   *for plaintiff*
BAILEY & WOOD, ESQUIRES, St. Thomas, Virgin Islands
   (WILLIAM W. BAILEY, ESQ., of counsel), *for defendant*

GORDON, *District Judge*

### MEMORANDUM OPINION

The above entitled case is before the Court on remand from the United States Court of Appeals for the Third Circuit to conduct further proceedings consistent with the opinion of that Court. Viles v. Viles, 4 V.I. 415, 316 E.2d 31. This Court on November 20, 1961 entered an order reducing support payments to the plaintiff by defendant under the alimony provision of the divorce decree entered by this Court on December 8, 1951. The original decree set forth a complicated method in determining the amount of support defendant had to pay to plaintiff. This method was derived from the provisions of a separation agreement entered into by the parties in October, 1951. The Court of Appeals in reversing and remanding the instant case suggested that findings of facts should be made covering the period since 1959 and "fashion an award under which ap-

335

pellee's (defendant's) obligation to date will be fully determined under the scheme of the original decree" [4 V.I. 415, 425].

Certain events have transpired since the mandate of the Court of Appeals came down, which this Court must take into consideration in rendering its opinion on the motion of the defendant for a reduction of alimony payments. In the State of New York the plaintiff herein sued defendant to recover arrears under the separation agreement entered into by the parties in October, 1951. In Viles v. Viles, 14 N.Y.2d 365, 200 N.E.2d 567, the Court of Appeals of New York held that the Separation Agreement entered into by the parties was invalid since it was made as an inducement to divorce.

In Viles v. Viles, 4 V.I. 415, 316 F.2d 31, the Court of Appeals in footnote number one on page 418 stated:

"This part of the decree was based on one of the provisions of a separation agreement made between the parties in October 1951. The language of the decree differs somewhat from the language of the agreement. The decree did not incorporate or approve any other parts of the agreement."

As a result of the two cases referred to above, this Court on May 4, 1965, entered an order requesting briefs on the question whether this Court should give full faith and credit to the decision of the Court of Appeals of New York.

■ ■ After a review of the law, the Court feels compelled to give full faith and credit to the decree of the Court of Appeals of New York. 28 U.S.C. § 1738. As a result of this determination, this Court shall set aside that portion of the decree of this Court entered on December 8, 1951, which was based upon the invalid and illegal separation agreement. Having done so this Court feels constrained to review the complete record which includes the deposition of the plaintiff, affidavits of the defendant, and other documents and arrive at an award of alimony to the plain-

tiff which is both just and adequate under the circumstances as they presently stand.

■ The depositions of the plaintiff were taken on April 23, 1964 and February 2, 1965. From these depositions, plaintiff testified that she received varying amounts of money from her mother every month which averages out to approximately $400.00 per month. (Deposition of plaintiff dated April 24, 1964, page 60 et seq.) Plaintiff has also maintained a checking account balance ranging from $5,500 to $1,400 with the Bankers Trust Company in New York City. The plaintiff had done considerable traveling and has enjoyed the arts. Plaintiff on deposition testified on examination by her attorney that for the year 1963 the only income she received other than alimony from the defendant and money from her mother was $175. For the year 1962 her income was $30.

The plaintiff has not sought active employment since the year 1951, although she has attempted to write and has been in business as a consulting advisor to writers and has collaborated on a play. The income which she derived from the above cannot be ascertained from the record other than the income for 1962 and 1963. The expenses of the plaintiff are nominal and she has no large outstanding debts or obligations.

■ The adjusted gross joint income received by the defendant and his present wife are as follows: 1960—$14,801.76; 1961—$19,950.10; 1962—$22,181.06; 1963—$18,730.70; 1964—$18,376.65. The income received by the defendant personally is as follows: 1960—$14,851.76; 1961—$15,435.10; 1962—$10,019.54; 1963—$8,862.83; 1964—$9,333.13.

Taking into account the needs of the plaintiff and the ability of the defendant to pay for those needs, the Court concludes that the defendant shall pay to the plaintiff as and for alimony the sum of $200.00 per month until further order of this Court.