ALBERT B. POE

v.

MARGARET G. POE, Appellant

No. 17,481

United States Court of Appeals

Third Circuit

Argued January 28, 1969
Decided March 20, 1969

*See, also, 409 F.2d 40*

TATE & ERVIN, Philadelphia, Penna. (SPENCER ERVIN, JR., ESQ., for counsel) *for appellant*

BAILEY, WOOD & ROSENBERG, St. Thomas, Virgin Islands (WILLIAM W. BAILEY, ESQ., for counsel), *for appellee*

Before FREEDMAN, VAN DUSEN and ALDISERT, *Circuit Judges*

### OPINION OF THE COURT

FREEDMAN, *Circuit Judge*

This action for divorce was brought by the husband, who charged adultery, desertion and incompatibility of temperament. At the trial the wife amended her answer, which had sought a decree of separation and support, to include a cross-complaint for divorce on the ground of incompatibility of temperament. The district court granted an absolute divorce to each party in favor of the other. The decree did not fix the ground for divorce, although it appears from the record that the court considered that incompatibility had been established. The wife does not attack the award of a divorce, but she appeals from the denial of her application for alimony and counsel fees.

 The award of alimony on an absolute divorce is authorized by 16 V.I. Code, § 109, which provides:

"Whenever a marriage is . . . dissolved, the court may further decree—

. . .

"(3) For the recovery from the party in fault such an amount of money, in gross or in installments, as may be just and proper for such party to contribute to the maintenance of the other . . . ."

This language was written for the usual grounds for divorce, without focusing on the unusual ground of incompatibility of temperament. We recognized this fact in Burch v. Burch, 2 V.I. 559, 581–82, 195 F.2d 799, 811–12 (3 Cir. 1952), where we held that the plaintiff himself was a "party in fault" for purposes of § 109(3) where he sued for divorce on the ground of incompatibility of temperament because this ground necessarily involves both parties. Alimony therefore was held allowable to a wife who is divorced on the ground of incompatibility of temperament.

██ ██ The statutory authorization of alimony does not necessarily mean that a wife is entitled to such an award in every case. As we said in Burch:

"Whether an award of alimony shall be made, as well as the amount to be awarded, is within the discretion of the court, having regard to the conduct of both parties, the amount of property of each and all the other circumstances of the case."[1]

██ In applications for alimony the district court necessarily exercises a broad discretion,[2] for it is familiar with the parties and their personal and financial circumstances.

In the present case, it is impossible for us to determine the precise reason for the court's denial of alimony. The court referred to two circumstances: one was that the hus-

---

[1] 2 V.I. at 582, 195 F.2d at 812. See also Del Peschio v. Del Peschio, 5 V.I. 461, 468, 356 F.2d 402, 406 (3 Cir. 1966); Viles v. Viles, 4 V.I. 415, 421, 316 F.2d 31, 34 (3 Cir. 1963).

[2] See cases, supra.

band's financial resources had come to him by inheritance after the separation of the parties and so was not the result of their joint efforts; the other was the pendency of two actions for support brought in the Municipal Court of the Virgin Islands[3] which the district court stayed and consolidated with the divorce action.[4]

The district court stated that the support claims, if reduced to judgment, ". . . should provide her [the wife] with a modest lump sum," which the parties calculated at the argument before us would amount to $4,880. The district court, however, remanded both actions to the municipal court "for proceedings not inconsistent" with its opinion, and refrained from expressing an opinion on their merits.

■ Thus it appears that the district court left it open to the municipal court to diminish the lump sum payable to the wife in those two actions while at the same time reasoning that she should not be awarded alimony because of the lump sum she would receive. There is a direct contradiction in the denial of alimony because a lump sum has accumulated in arrearages of support, when at the same time the amount of the lump sum is left for future determination in another court. One of the two so-called support actions, designated an "action in debt," was brought in the municipal court upon a judgment entered in New Jersey for arrearages under a New Jersey support order. On the present record the enforceability of the New Jersey judgment or the validity of any defenses which may be raised against it are not before us.

---

[3] Civil No. 634-1966 is an "action for debt" brought by the wife to enforce a New Jersey judgment for accrued arrearages of support. Civil No. 50-1966 is an action under the Uniform Reciprocal Enforcement of Support Act (16 V.I. Code §§ 391 et seq.) which resulted in an order of support to the wife of $40 per week. The record indicates that only Civil No. 50-1966 was appealed to the district court, although the stay and consolidation with the divorce action included both cases.

[4] The wife attacked the stay and consolidation order by an appeal to us (No. 16,951) which we dismissed as interlocutory on December 27, 1967.

■ Moreover, even if it were clear that the wife will be entitled to the full amount of the judgments which she is seeking in the municipal court the question would remain whether a husband should be relieved of alimony simply because he has defied judicial orders for support entered in the past which have built up a substantial indebtedness. It is, of course, true that a court would be justified in weighing the right to recover for past or present orders of support, whether they have already been paid or are payable in the future, as an element in the financial circumstances of the parties. This, however, was not done in the decision before us. Whatever shift the circumstances may take, whether the husband succeeds in having the support order vacated or reduced or the New Jersey judgment warded off in the municipal court, or even if he evades payment of the judgments which may finally be entered—as the record shows he has successfully done in the past—alimony nevertheless is flatly denied.

■ ■ Indeed, it is difficult to see why the pendency of the divorce action should have led the district court to bar the wife's enforcement of a judgment for accumulated and unpaid support payments or for current maintenance. By this action the court deprived her of the support which she had been awarded in the municipal court, even though it never declared the municipal court's action erroneous. This was a reversal of the unique and characteristic remedy in divorce actions which permits a wife to obtain maintenance from her husband so that she will not be deprived of subsistence if she seeks to vindicate her rights in an action as plaintiff or to defend what she considers an unfounded claim against her.[5] This right, ecclesiastical in origin, is so fundamental in its nature that

---

[5] See 16 V.I. Code, § 108.

it is recognized even in the absence of statutory authority.[6]

We find the reference to the two support actions brought in the municipal court an inadequate basis for the denial of alimony, at least in the circumstances presently before us.

The district court also believed that the wife was not entitled to alimony because the husband's assets were not acquired by their joint efforts. His wealth consisted largely of an inheritance which he received after the separation.

 The right to alimony, however, is not founded on conceptions such as those underlying the community property interests of husband and wife.[7] The test in an application for alimony is not whether the wife has helped the husband to attain his existing financial status. If this were so, an inheritance could not be considered in awarding alimony even if the husband received it while the parties were living together, for an inheritance under an intestate law or even by will ordinarily does not result from the wife's efforts. It is the circumstances surrounding the parties, the wife's necessities and the husband's financial ability, the physical condition of the parties, the nature of their life together, and in these modern times the wife's independence and ability to earn her own way, which must all be considered by the court in the exercise of its discretion in awarding or denying alimony. This standard was not applied in the present case. It was disregarded because the husband's resources had come from an inheritance after the separation. Moreover, in this case the husband substantially invested the inheritance in an enterprise to which he thereafter devoted himself in a manner which seriously impaired his actual earnings. It is well settled that a husband may not diminish his earnings and

---

[6] See 2 Freedman, Law of Marriage and Divorce in Pennsylvania, §§ 429, 432 (1957) for full discussion.

[7] See deFuniak, Principles of Community Property (1943).

thereby reduce or destroy a wife's right to alimony. In such a case his earning capacity rather than his actual earnings will be employed as the standard in determining the award of alimony to his wife.[8]

█ █ The denial of counsel fees to the wife was made incidentally to the denial of alimony. No reason was assigned for this action. The award of counsel fees in favor of a successful party is authorized in general by 5 V.I. Code, § 541(b). Counsel fees in divorce are authorized in favor of the wife by 16 V.I. Code, § 108(1). Such a remedy is generally considered inherent in the power of divorce courts because of the equitable nature of their jurisdiction.[9]

█ It is possible that the district court believed no further counsel fees should be awarded because the husband had already paid the wife's attorney $200. We cannot, however, determine on this record whether the denial was based on an independent decision or was instead in expectation of the lump sum the wife might obtain in the remanded support proceedings. In these circumstances, where the denial of counsel fees was entwined with the erroneous action on alimony, it too must be reexamined.

We therefore will vacate the judgment of the district court insofar as it relates to alimony and counsel fees and remand the cause to the district court for reconsideration and redetermination of these two provisions of the judgment.

---

[8] See cases cited in Clark, Law of Domestic Relations, 443 (1968); 2 Freedman, Law of Marriage and Divorce in Pennsylvania, § 490 (1957); Annot., 18 A.L.R.2d 1, 51.

[9] 2 Freedman, Law of Marriage and Divorce in Pennsylvania, § 429 and § 465 particularly at n. 15 (1957).