**ALBERT B. POE, Appellant**

v.

**MARGARET G. POE**

No. 19,512

United States Court of Appeals

Third Circuit

Submitted November 9, 1971

Decided December 7, 1971

JOHN E. STOUT, ESQ. (GRUNERT AND STOUT), Charlotte Amalie, St. Thomas, V.I., *for appellant*

---

SPENCER ERVIN, JR., ESQ. (TATE AND ERVIN), Philadelphia, Penna., *for appellee*

Before VAN DUSEN and ROSEN, *Circuit Judges,* and LAYTON, *District Judge*

OPINION OF THE COURT

PER CURIAM:

This appeal challenges a September 25, 1970, district court decree awarding a lump sum of $30,000. to the wife-defendant for alimony and support, as well as $3500. for her costs and attorney's fees. On a previous appeal, this court had remanded the case to the district court for reconsideration and redetermination of the wife's claims for alimony and counsel fees. See Poe v. Poe, 409 F.2d 40 (3d Cir. 1969). At that time, this court said at pp. 43–44 of 409 F.2d:

"It is the circumstances surrounding the parties, the wife's necessities and the husband's financial ability, the physical condition of the parties, the nature of their life together, and in these modern times the wife's independence and ability to earn her own way, which must all be considered by the court in the exercise of its discretion in awarding or denying alimony. . . . It is well settled that a husband may not diminish his earnings and thereby reduce or destroy a wife's right to alimony. In such a case his earning capacity rather than his actual earnings will be employed as the standard in determining the award of alimony to his wife."

At the hearing on remand, the evidence supported the court's findings that the husband-plaintiff owned stock of undetermined value and was owed over $182,524. by business corporations, but that "it is highly problematic when plaintiff will be able to collect these monies due him, and whether he will collect in full." Under these circumstances,[1]

---

[1] The wife is in poor health, heavily in debt, and "completely without assets." The husband has attended college for three years and has worked in the advertising and promotional divisions of firms engaged in the military-industrial field. Neither party has bright employment prospects for the future in their former fields of endeavor.

454

the above-mentioned awards will be sustained. A lump sum award of alimony is authorized by 16 V.I.C. 109(3). We have carefully considered husband's contentions and have concluded that the awards are within the discretion of the district court in view of this record. See Burch v. Burch, 205 F.2d 115, 116 (3d Cir. 1953); cf. Viles v. Viles, 316 F.2d 31 (3d Cir. 1963); Clark, Law of Domestic Relations, 442–443.[2]

The decree of September 25, 1970, will be affirmed.

---

[2] Clerk uses this language at p. 442:

"His property is also to be considered whether or not it produces income, although if it is not productive, the courts will be reluctant to order it sold to pay alimony. . . .

"Alimony need not be limited by the husband's income as of the time of the trial. If he is not earning as much as he might, either deliberately or through poor management, alimony may be calculated on the basis of what the court thinks he could and should earn."