**SYLVIA LEE, Appellee**

**v.**

**SIDNEY P. LEE, SIDNEY P. LEE, JR., Appellant**

No. 75-2159

United States Court of Appeals

Third Circuit

Argued April 29, 1976

Filed June 23, 1976

---

[8] See 2 Page, Wills § 20.10 (1960).

BRITAIN H. BRYANT, ESQ. (BRYANT, COSTELLO, BURKE & SCOTT), Christiansted, St. Croix, V.I., *for appellant*

WARNER ALEXANDER, ESQ. (MERWIN, ALEXANDER & O'BRIEN), Christiansted, St. Croix, V.I., *for appellee*

Before VAN DUSEN, ADAMS and ROSENN, *Circuit Judges*

## OPINION OF THE COURT

ADAMS, *Circuit Judge*

This is an appeal from a judgment of divorce. The husband does not contest those portions of the decree granting the divorce and custody. However, he asks this Court to review the amounts awarded "in lieu of alimony" and for child support, and also the sum imposed as a counsel fee.

### a.

Sidney P. Lee, Jr., married Sylvia Lee in Haiti in March, 1974. They had previously been married in 1971 and Mr. Lee had lived with Mrs. Lee and her two daughters by a previous marriage from at least early 1969 until their first divorce in July, 1972. After that divorce, Mr. Lee returned to Mrs. Lee's home in December, 1972, and she then left her secretarial job and assumed employment in his advertising business at a lower salary. In 1974, after Mrs. Lee discovered that she was pregnant, the Lees remarried. Their son, Sidney P. Lee, III (who is called Jason), was born in August, 1974. Mr. Lee separated from Mrs. Lee a second time in December, 1974. She proceeded to bring this action for divorce.

In a final order of August 29, 1975, based on the findings of fact and conclusions of law announced on August 5, 1975, the district judge granted the divorce. He awarded Mrs. Lee the custody of Jason until the boy reaches school

353

age; thereafter, custody is to be held by Mr. Lee during the school year and by Mrs. Lee during summer vacations.

The court awarded Mrs. Lee a sum of $10,000 "in lieu of alimony," $300 per month as child support, and $100 per month to provide Jason with food and clothing. It also made Mr. Lee responsible for the medical expenses of the child, who suffers from allergies. The court provided that when custody passes to Mr. Lee, Mrs. Lee is to receive $50 each month to permit her to maintain a home suitable for Jason to visit, and $200 each month during summer vacations, when Jason is to live with her.

Finally, Mrs. Lee was granted an attorney's fee of $3,750.[1]

### b.

The award "in lieu of alimony" was declared by the district judge to be "reimbursement and compensation for past services and to defray anticipated medical expenses." Thus, the court appears to have considered not only Mrs. Lee's past expenditures for Jason, whose allergy problems require special food and costly clothing and medication, but also the financial losses imposed upon Mrs. Lee during and before the marriage resulting from Mr. Lee's living in her house and from her relatively low-paid employment in his business. In addition, the district judge noted that Mrs. Lee suffers from an unspecified ailment that will require surgical treatment.

■ 16 V.I.C. § 109(3) permits a court entering a final order in a divorce action to make an award in gross "as may be necessary for the support and maintenance" of the party determined to be in need. It is impossible to tell whether the district court complied with the mandate of

---

[1] The court also granted costs of $101.50.

section 109(3) since the court's findings of fact are merely conclusory.[2] The factual predicate for the past and prospective expenses of Mrs. Lee is insufficiently detailed to permit this Court to discover the components of the district court's award of $10,000 or the reasonableness of each such component.[3] The language of the court's order, however, suggests that the award in gross was based on some concept of damages, rather than on the "necessary for support and maintenance" standard of section 109(3).

Accordingly, we must vacate the judgment of the district court and remand the cause for elaboration and clarification of the findings of fact and conclusions of law on matters relevant to an award pursuant to section 109(3).

## c.

■ The findings of the trial court relating to the proper amount for child support are also inadequate. The district court noted the general needs of the child, but these needs were not translated into specific monetary figures. To affirm the judgment, this Court would be compelled to assume that the dollar amount of the award granted corresponds to the extent of the child's financial need. There is no way to ascertain what considerations moved the court to select the particular sum in its order. Consequently, we cannot determine whether this grant is consistent with the duties that may be imposed by law.

We must, therefore, vacate this portion of the district court's judgment as well and remand the cause for further

---

[2] See Alpha Distrib. Co. v. Jack Daniel Distillery, 454 F.2d 442, 453 (9th Cir. 1972).

[3] See Roberts v. Ross, 344 F.2d 747, 751 (3d Cir. 1965):

This court has had occasion to point out that Rule 52(a) of the Federal Rules of Civil Procedure requires the trier of facts to find the facts specially and state his conclusions of law thereon with clarity. The findings of fact and conclusions of law must be sufficient to indicate the basis of the trial judge's decision.

consideration in light of the standards provided by sections 109(2) and 344.[4]

d.

On the same day that the final decree was entered, the court directed that Mrs. Lee receive an attorney's fee of $3,750. This award was "based upon the husband's obligation to provide necessaries for his wife and not upon 5 V.I.C. 541(b)." The only explanation offered by the court was that 50 hours "appears to be more reasonable" than the 77 hours claimed by counsel in its affidavit.

██ Such paucity of explanation, as this Court said in Lindy,[5] makes "meaningful review difficult." The concern expressed in Lindy that the trial court explicate its decision regarding attorney's fees in order to guide the attorneys and claimants and to provide a basis for appellate review, applies with equal force to an order granting attorney's fees pursuant to the statutory and equitable powers of a court deciding an action for divorce. A trial judge must explain the considerations that enter into his decision. The standards governing awards set forth in Lindy, although framed with respect to a grant from an equitable fund, offer guidance to a court considering an award of attorney's fees in a divorce action as well.

The counsel fee provision must, accordingly, be vacated and remanded. On remand, if the award is granted in view of a husband's obligation to support his wife,[6] the district judge must also consider the relevant standards of section 109(3).

---

[4] 16 V.I.C. § 109(2) permits a recovery "to contribute toward the nurture and education" of the child. 16 V.I.C. § 344 requires that support be proportioned to the respective estates of those obliged to support the child.

[5] Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp., 487 F.2d 161 (3d Cir. 1973).

[6] See Poe v. Poe, 409 F.2d 40, 44 (3d Cir. 1969).

e.

The judgment of the district court insofar as it pertains to the award "in lieu of alimony," child support, and the grant of attorney's fees will be vacated and the cause remanded for further proceedings consistent with this opinion.