**FITZHERBERT ALLEYNE, Appellant**

v.

**MURIEL ALLEYNE, Appellee**

Civil No. 80-353

District Court of the Virgin Islands

Div. of St. Thomas and St. John

July 31, 1981

STEDMANN HODGE, ESQ., St. Thomas, V.I., *for appellant*

MARIA T. HODGE, ESQ., St. Thomas, V.I., *for appellee*

CHRISTIAN, *Chief Judge*

## OPINION

This case is before the Court on an appeal from the August 14, 1980, Decree of the Territorial Court of the Virgin Islands which dissolved the marriage between the appellant and appellee and award alimony in the amount of eighty dollars ($80.00) bi-weekly to the appellee until the appellee remarried or experiences a substantial change in her circumstances. For the reasons set forth below we vacate the Decree of the Territorial Court on the issue of alimony and remand for further findings of fact.

Appellant Fitzherbert Alleyne and appellee Muriel Alleyne were married on December 17, 1950, in Barbados, W.I. and resided there together until 1967. In 1967, appellant moved to St. Thomas and has since resided there continuously. The appellee has never lived in St. Thomas, although she has occasionally visited the appellant in St. Thomas. Since 1967, the appellee has lived in Barbados, Florida, and New York, where she presently resides. Five children were born of the union, all of whom are now adults. The appellant and appellee were granted a divorce as the Territorial Court found that there had been "a breakdown of the marital relationship to the extent that the legitimate objects of matrimony have been destroyed and there remains no reasonable likelihood that the relationship can be preserved, as evidenced by the testimony of the plaintiff that he has not cohabited with the defendant since 1976." Alleyne v. Alleyne, Family No. 80-353, May 28, 1980, Transcript at 59 (Terr. Ct. 1980). Neither party contests the granting of the divorce.

The appellant does, however, dispute the award of alimony to the appellee. Appellant contends that the trial court abused its discretion in making an award of alimony to the appellee on the evidence presented at trial. We agree that the award of alimony was improper.

██ The authorization to award alimony is found in 16 V.I.C. § 109(3), which provides as follows:

> Whenever a marriage is . . . dissolved the court may . . . further decree:
>
> . . .
>
> (3) for the recovery for a party determined to be in *need thereof*

545

an amount of money in gross or in installments, as may be necessary for the support and maintenance of such party. (Emphasis added.)

The United States Court of Appeals for the Third Circuit has held that this "statutory authorization of alimony does not necessarily mean that a wife is entitled to such an award in every case." Poe v. Poe, 409 F.2d 40, 42, 7 V.I. 30 (3rd Cir. 1969). Rather, a court, when making its decision as to whether alimony is warranted, should consider and weigh a number of factors. These factors include "the circumstances surrounding the parties, the wife's necessities and the husband's financial ability, the physical condition of the parties, the nature of their life together, and in these modern times the wife's independence and ability to earn her own way." Poe, supra at 43.

Applying the foregoing test to the instant case, it is clear that the Territorial Court abused its discretion when it made its award because the appellee never factually established her need therefor. Appellee testified at trial that she has not received any financial support from her husband since 1978, and that she has lived independently and supported herself from 1978 until the present. Furthermore, Mrs. Alleyne testified that she had lived apart from the appellant during the period of 1967 to 1978, had received only intermittent financial support from him during that time period, and that she had worked to help support herself during that period as well. Appellee also stated that she was not receiving any welfare support, nor had she received any welfare in the past, with the exception of a one time allotment of food stamps. Thus, the sum of appellee's testimony was that she has been independent and capable of sustaining herself and has not relied on the appellant for her support for a number of years.

Despite her past independence, Mrs. Alleyne testified that she has a present need for alimony payments because she is no longer able to work due to medical problems. It is her contention that her allergies to dogs, cats, weeds and tropical fruit trees presently prevent her from obtaining employment in New York City. However, she did not present any medical records or have any medical expert testify regarding the disabling nature of her allergies. Furthermore, appellee testified that she has suffered from these allergies from seven or eight years, but presented no evidence, and gave no testimony as to why such allergies which had heretofore been no hindrance to her gainful employment would now prevent her from working. Appellee's most recent employment was caring for an elderly lady and

caring for young children. Such work is usually done at home where the appellee could ensure that she would not be exposed to dogs, cats, weeds and tropical fruit trees. Thus, appellee should be able to control her allergic reactions at her work place, and if for some reason she cannot, she must present medical proof of the unusual nature of her illness.

█ In conclusion, the evidence in the instant case at trial did not warrant the alimony award. Appellant and appellee have lived separately for over thirteen (13) years. The support of minor children is not involved. Appellee has demonstrated her ability to live independently in the past. Appellant's monthly salary of six hundred and ten dollars ($610.00) take home pay, can only provide the appellant with a little more than the basic necessities of life, the very high cost of living in St. Thomas considered, and thus appellant's right to his full salary should be abrogated only if appellee establishes that she is in necessitous circumstances. In sum, the appellee is not entitled to an award of alimony unless she presents evidence which proves that her medical problems now prevent her from fully supporting herself.