**HENRY GREY, Appellant**
**v.**
**JOYCE GREY, Appellee**

D.C. Civ. App. No. 2003/0009
District Court of the Virgin Islands
Division of St. Croix, Appellate Division
December 1, 2008

GÓMEZ, *Chief Judge, District Court of the Virgin Islands*; FINCH, *Judge of the District Court of the Virgin Islands*; and CARROLL, *Judge of the Superior Court, sitting by designation.*

### MEMORANDUM OPINION

December 1, 2008

The sole issue presented on appeal is whether the trial court abused its discretion in determining Joyce Grey's ("Appellee" or "Boston")[1] alimony award.

---

[1] "Boston" is Joyce Grey's maiden name. The divorce decree authorized Joyce Grey to resume use of her maiden name, "Boston".

## I. STATEMENT OF FACTUAL AND PROCEDURAL POSTURE

The parties to this action were married December 24, 1992. In June of 1999, Henry Grey ("Appellant" or "Grey") filed for divorce from Boston. Shortly thereafter, Boston filed a domestic violence petition in the Superior Court.[2] As a result, a permanent restraining order ("PRO") was issued against Grey starting July 14, 1999 and expiring on July 13, 2001. The PRO also awarded Boston sole possession of the residence, medical coverage at Grey's expense and temporary alimony in the amount of two hundred dollars ($200.00) per month. Boston was allowed to remain in the parties' residence in Catherine's Rest, St. Croix, for sixty (60) days.

On August 2, 1999, a final divorce decree was entered. On May 14, 2001, the court held a hearing to reassess the alimony award in light of Boston's outstanding medical expenses and allegations of Boston's ongoing medical problems. At that time, Boston petitioned for an increase in alimony. There, evidence was presented that raised questions concerning whether Grey should continue to provide Boston's medical insurance. After reviewing the evidence, the court denied Boston's claims for medical expenses because the seriousness of Boston's medical problems was not supported by the evidence.[3] The court also concluded that Boston would continue coverage under Grey's medical insurance plan, but would be required to pay the monthly premiums herself. The court further ordered Grey to continue paying Boston alimony in the amount of two hundred dollars ($200.00) per month. On October 21, 2002, the trial court issued an order to that end. (App. pp. 5-8.) On November 25, 2002, Grey filed a motion for clarification, or in the alternative reconsideration of the trial court's October 21, 2002 order.

On December 2, 2002, the trial court issued an amended order *nunc pro tunc* clarifying its previous denial of Boston's petition for increased alimony. The court explicitly required Grey to continue paying Boston

---

[2] At all times relevant to the lower court's proceedings, the trial court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, where applicable, the Court employs the terms Superior Court and judge of the Superior Court.

[3] Boston provided evidence that showed she was diagnosed with diabetes and hypertension.

$200.00 a month in temporary alimony and reiterated its reasons for denying Boston's medical expense claims. (App. pp. 13-16.) It is from the trial court's December 2, 2002 order that this timely appeal arises.

## II. JURISDICTION AND STANDARD OF REVIEW

This Court may review the judgments and orders of the Superior Court in civil cases.[4] Alimony awards are reviewed for abuse of discretion and the trial court has broad discretion to distribute marital assets in a divorce. *See Feddersen v. Feddersen*, 68 F. Supp. 2d 585, 596 (D.V.I. App. Div. 1999). Abuse of discretion "requires proof of more than a mere error in judgment, but rather evidence that the law was misapplied or overridden, or that the judgment was manifestly unreasonable or based on bias, ill will, prejudice, or partiality." *Id.*

## III. DISCUSSION

### The alimony award was not an abuse of the trial court's discretion.[5]

The law of alimony is well settled in this jurisdiction. V.I. CODE ANN. tit. 16, § 109 (1997) was amended to no longer predominantly focus on fault-based alimony determinations, but to focus on the need of the spouse. 16 V.I.C. § 109 provides in pertinent part:

> "Whenever a marriage is declared void or dissolved the court may, **without regard to any determination that the breakdown of the marriage was the fault of one party or the other,** further decree . . . for the recovery for a party determined to be in need thereof an amount of money in gross or in installments, as may be necessary for the support and maintenance of such party."

V.I. CODE ANN. tit. 16, § 109(3)(1997) (emphasis added).

■ Statutory authorization of alimony does not necessarily mean that a wife is entitled to such an award in every case. *See Morris v. Morris,*

----

[4] *See* Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1613a. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995 & Supp. 2003), *reprinted in* V.I. CODE ANN. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp. 2003) (preceding V.I. CODE ANN. tit. 1); V.I. CODE ANN. tit. 4, § 33 (2001).

[5] The trial court's final award required Grey to pay Boston $200.00 per month in temporary alimony and denied Boston's petition for increased alimony and financial assistance to pay medical insurance and bills totaling $21,885.33. (App. p. 16.)

20 V.I. 249 (Terr. Ct. 1984). "When making a decision as to whether alimony is warranted, [a court] should consider and weigh a number of factors." *Alleyne v. Alleyne*, 18 V.I. 544, 546 (D.V.I 1981). These factors include "the circumstances surrounding the parties, the [dependent]'s necessities and the [provider]'s financial ability, the physical condition of the parties, the nature of their life together, and in these modern times[,] the [dependant]'s . . . ability to earn [his/]her own way." *Poe v. Poe*, 7 V.I. 30, 409 F.2d 40, 43 (3d. Cir. 1969).[6] The court has broad discretion in evaluating the operative factors inherent in alimony awards. *Alleyne*, 18 V.I. at 546.

 In order to prove that the lower court abused its discretion, Grey would have to show that the Superior Court did not articulate its findings, but concluded that Boston should receive alimony without assessing each party's financial status. See *Feddersen*, 68. F. Supp at 598; *see Alleyne*, 18 V.I. at 546. Here, however, the lower court expressly assessed the parties' personal financial status, Boston's medical status and the ability of each party to pay their way.[7] The court considered the parties' individual debts, debts incurred during the course of the marriage, Boston's medical expenses and Grey's income. (App. p. 5.) This evidence was weighed by the court and informed the lower court's decision to order continuing alimony payments.

Grey asserts that the evidence presented during the May 14, 2001 hearing did not show that Boston was entitled to alimony. However, Grey failed to prove that the law was somehow misapplied, overridden, that the judgment was manifestly unreasonable, or based on bias, ill will, prejudice, or partiality. See *Feddersen*, 68 F. Supp. at 598; *see Alleyne*, 18 V.I. at 546.

---

[6] The factors the court considers include: (1) an assessment of each party's personal income; (2) the needs of the dependant party; (3) the supporter's ability to pay for those needs; (4) the parties' checking account balances; (5) the dependant's employment and financial ability; (6) the parties' living expenses, and (7) the parties' outstanding debts and obligations. *See Viles v. Viles*, 5 V.I. 334, 250 F.Supp. 211 (D.V.I. 1966); *see also Hamilton v. Hamilton*, 38 V.I. 3 (V.I. Terr. 1996).

[7] The court articulated that Boston only had a part-time job at Sunny Isle Housing earning $60.00 per week and that her medical condition did not preclude her from finding gainful employment or leading a productive life. (App. p. 15.)

## IV. CONCLUSION

For the foregoing reasons, the Superior Court did not abuse its discretion in awarding alimony to the Appellee based on the relevant evidence presented during the May 14, 2001 hearing. Accordingly the Superior Court's alimony award is affirmed.