**EDUARDO CORNEIRO, Plaintiff**

**v.**

**JOYCE SIMMONDS-CORNEIRO, Defendant**

Family No. ST-09-DI-125

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

April 25, 2014

FRANCIS E. JACKSON, JR., ESQ., Law Offices of Francis E. Jackson, Jr., St. Thomas, USVI, *For the Plaintiff.*

JOYCE SIMMONDS-CORNEIRO, Vails Gate, NY, *Pro se.*

WATLINGTON, *Judge*

## MEMORANDUM OPINION

(April 25, 2014)

This matter came on for a hearing on Thursday, March 13, 2014 before the Honorable Debra S. Watlington, Judge of the Superior Court of the Virgin Islands on Plaintiff's Complaint for Divorce and his outstanding Motion to Dismiss the Issue of Distribution of Real Property As it Is Not the Homestead and Motion to Deny Defendant's Request for Alimony. The Plaintiff appeared with counsel, Francis E. Jackson, Esq. The Defendant appeared *pro se.*

The Court heard sworn testimony from the parties. The parties made certain representations regarding the divorce, alimony, and real and personal property distribution. The parties agree to the divorce and for Defendant's continued use of her married name. The issues of alimony and real and personal property distribution are in dispute.

## BACKGROUND

The parties were married on April 27, 1974 in Brooklyn, New York. They have one adult daughter, Alexandria Ashley Corneiro, born on March 21, 1982. The parties resided in St. Thomas together for the majority of their marriage at Parcel No. 403Ab Estate Hospital Ground. The parties and their daughter acquired Parcel No. 403Ab Estate Hospital Ground in a Deed of Gift in 1989. In the year 2000, Defendant relocated to New York to spend time with her parents and the parties' daughter while she attended college. Defendant occasionally returned to St. Thomas, but expected her husband to eventually move to New York as well. Defendant testified that she returned to St. Thomas once a year, while Petitioner testified that between the years 2000 and 2009, Defendant visited St. Thomas three (3) times. Defendant stopped making trips to St. Thomas in the year 2009. Plaintiff testified that since his wife's relocation he visited her about two (2) to three (3) times and he never intended to move to New York. During Defendant's visits to St. Thomas she stayed at Parcel No. 403Ab Estate Hospital Ground and Plaintiff testified that Defendant had access to all of her personal property and was never prevented from taking anything with her.

## DISCUSSION ON CONTESTED ISSUES

### A. Distribution of the Marital Homestead

█ The Family Division of the Superior Court "has subject matter jurisdiction over the marital homestead and the personal property of the couple, but not over any other real property." *Garcia v. Garcia*, 59 V.I. 758 (2013). *See also Bradford v. Cramer*, 54 V.I. 669, 676 (V.I. 2011). Marital homestead is defined as "any 'homestead' in which a husband and wife both reside during the marriage and that is owned by one or more of the spouses." *See also Harvey v. Christopher*, 55 V.I. 565, 573 (V.I. 2011). Title 33 V.I.C. § 2305(d) permits a divorce court to consider the "equity of case" in disposition of the marital homestead. However, the Family Division of the Superior Court lacks jurisdiction to modify the property rights of individuals who are not parties to the divorce action. *See Armstrong v. Armstrong*, 266 F. Supp. 2d 385, 393-394 (2003); *Harvey v. Christopher*, 55 V.I. 565, 573 (V.I. 2011).

It is undisputed that the parties resided at Parcel No. 403Ab Estate Hospital Ground, St. Thomas, U.S. Virgin Islands during the marriage. Both parties testified that the home was built on Parcel No. 403Ab, Estate Hospital Ground, St. Thomas, U.S. Virgin Islands during the marriage. The building consists of a two-bedroom apartment, where the family resided, and a one-bedroom apartment that the family rented. Defendant testified to her contributions in the planning, landscaping, and physical labor in the construction of the home. Both parties testified to the repairs needed to the home after Hurricanes Hugo and Marilyn in 1989 and 1995 respectively. Plaintiff testified that he has solely taken care of the property since the year 2000.

Parcel No. 403Ab, Estate Hospital Ground, St. Thomas, U.S. Virgin Islands was conveyed to the Plaintiff, Defendant, and their daughter as joint tenants with right of survivorship in a Deed of Gift, dated March 15, 1989 and recorded September 18, 1990, as reflected in Plaintiff's Ex. 3.[1] In such Deed of Gift, Grantor Marjorie M. Corneiro, mother of Plaintiff, conveyed Parcel No. 403Ab Estate Hospital Ground, St. Thomas, U.S. Virgin Islands to Grantees Eduardo J. Corneiro Jr., Joyce Simmonds-Corneiro, and Alexandria Ashley Corneiro, "as joint tenants as among

---

[1] Plaintiff's Exhibit 3 is the Deed of Gift dated March 15, 1989.

themselves with the right of survivorship . . . in fee simple absolute, forever, subject to a life estate reserved unto Grantor,"[2] as evidenced by Plaintiff's Ex. 3.[3] Effectively, Marjorie M. Corneiro has a present interest life estate, and Eduardo J. Corneiro Jr., Joyce Simmonds-Corneiro, and Alexandria Ashley Corneiro have an indefeasibly vested remainder future interest in fee simple absolute.[4]

 Marjorie M. Corneiro's present interest is possessory in nature.[5] She does not have the authority to sell the property or amend the deed because its effect would go beyond her lifetime since she conveyed the property "in fee simple absolute."[6] By maintaining a life estate, Marjorie M. Corneiro created an indefeasibly vested remainder in the grantees, which by definition, cannot be taken away.[7] Eduardo J. Corneiro Jr., Joyce Simmonds-Corneiro, and Alexandria Ashley Corneiro are certain to acquire Parcel No. 403Ab Estate Hospital Ground, St. Thomas, U.S. Virgin Islands upon the death of Marjorie M. Corneiro, as joint tenants with the right of survivorship.

 In *Armstrong v. Armstrong*, the disputed marital homestead was held in joint tenancy by the parties and a third person, with each joint tenant sharing equal ownership of the property and having the equal, undivided right to keep or dispose of the property. "Joint tenants together

---

[2] The Court interprets the portion of the text where it reads, "and as tenants-by-the entirety as between Eduardo J. Corneiro, Jr. and Joyce Simmonds-Corneiro, his wife," as unnecessary in view of the joint tenancy existing among the grantees.

[3] Plaintiff's Exhibit 3 is the Deed of Gift dated March 15, 1989.

[4] Eduardo J. Corneiro, Jr. was named Trustee for Alexandria Ashley Corneiro until she reached the age of twenty-one (21). Alexandria Ashley Corneiro has reached the age of twenty-one (21) and no longer needs a Trustee.

[5] Black's Law Dictionary defines *life estate* as "[a]n estate whose duration is limited to the life of the party holding it." The holder of a life estate, i.e., a life tenant, is entitled to both the possession and the use of the property to the exclusion of the remainderman. *In re Felker*, 211 B.R. 165 (1997) (Bankruptcy Court M.D. Pennsylvania). *See also Wheatley v. Magras*, 2012 V.I. LEXIS 3 (V.I. Super. 2012).

[6] A *fee simple absolute* is a higher estate than a life estate. It is the highest estate permitted by law. http://law.uark.edu/documents/Estates_and_Futures_Handout_ver_6.doc.

[7] If a Grantee retains the future interest following a life estate, the future interest is called a *remainder*. A *vested remainder* is one that is not contingent on some future event happening in order for the remainder to be effective. An *indefeasibly vested remainder* is one that cannot be taken away by any event that happens later; once vested, this remainder stays. University of Arkansas School of Law, *Future Interests and Other Important Topics of Life*, available at http://law.uark.edu/documents/Estates_and_Futures_Handout_ver_6.doc.

possess the entire estate, rather than a fractional share, and those interests are divided into individual fractional shares only upon severance of the joint tenancy, through an action for partition or conveyance to a third party." *Armstrong v. Armstrong*, 266 F. Supp. 2d 385, 393-394 (2003). *See United States v. Craft*, 535 U.S. 274, 122 S. Ct. 1414, 1421, 152 L. Ed. 2d 437 (2002).

It is important to note that based on their testimonies, the Plaintiff and the Defendant are lendees on the mortgage on the house on the Hospital Ground property. The parties testified that they paid the mortgage from their joint bank account with Banco Popular during the marriage. The parties testified that since the year 2000, Plaintiff has paid the mortgage by himself and has had trouble keeping up with the payments. Currently, the mortgage and property tax on Parcel No. 403Ab, Estate Hospital Ground, St. Thomas, U.S. Virgin Islands are in arrearage and the property is at risk of foreclosure. Plaintiff seeks a modification of the mortgage but Defendant has been unwilling to sign the refinancing plan, as evidenced by Plaintiff's Ex. 4 and 5.[8] As Defendant is the second lendee to the mortgage, Plaintiff cannot move forward with the modification without Defendant's cooperation.

██ ██ The Virgin Islands is a lien theory jurisdiction therefore, a mortgage is a security interest, conveying no right to possession and has no effect on the joint tenancy. *See* 28 V.I.C. § 290 (a mortgage does not effect a conveyance). *See also Armstrong v. Armstrong*, 266 F. Supp. 2d 385, 394 (2003); *Royal Bank of Canada v. Clarke*, 373 F. Supp. 599, 601, 10 V.I. 415 (D.V.I. 1974); RESTATEMENT (THIRD) OF PROPERTY (MORTGAGES) § 4.1, comment a (1997). Affectively, the mortgage did not sever the joint tenancy between Eduardo J. Corneiro Jr., Joyce Simmonds-Corneiro, and Alexandria Ashley Corneiro.

Accordingly, Parcel No. 403Ab, Estate Hospital Ground, St. Thomas, U.S. Virgin Islands does not qualify as the marital homestead and is not subject to equitable distribution as part of this divorce action. The property is not solely owned by the parties. Marjorie M. Corneiro has a present interest life estate, and Plaintiff Eduardo J. Corneiro Jr.,

---

[8] Plaintiff's Exhibit 4 is an email print-out from Gloria Semper of Banco Popular to Defendant dated June 14, 2013 regarding the loan modification. Plaintiff's Exhibit 5 is an email print-out from Gloria Semper of Banco Popular to Plaintiff dated May 8, 2013 regarding the loan modification.

Defendant Joyce Simmonds-Corneiro, and Alexandria Ashley Corneiro have an indefeasibly vested remainder future interest in fee simple absolute. This Court does not have jurisdiction over Marjorie M. Corneiro or Alexandria Ashley Corneiro. Any distribution of Parcel No. 403Ab, Estate Hospital Ground, St. Thomas, U.S. Virgin Islands must be done in a separate civil action for partition, after consideration of each party's equitable interest.

## B. Distribution of Personal Property

■ The Court may also decree the distribution of personal property in accordance with Title 16 V.I.C. § 109(4). In determining whether personal property belongs to the wife or the husband, "the court has based its decision on provable ownership, and in the absence of provable ownership, considers personal property to be jointly owned in equal shares." *Morris v. Morris*, 20 V.I. 249 (Terr. Ct. 1984).

The Defendant requests the return of or reimbursement of picture albums, clothing, documents, jewelry, furniture, handbags, memorabilia, shoes, paintings, antiques, and appliances that were left in the home between the years 2000 and 2009, of which she claims the value to be Thirty Thousand One Hundred Dollars ($30,100.00), as reflected in Defendant's Ex. 1.[9] Both parties testified that Defendant has not been to the home since calendar year 2009 and that Defendant does not know which of her belongings are still in the premises.

Defendant testified that the furniture she desires includes the initial furnishing of the home in the year 1989, with other items bought throughout the years of marriage. Defendant testified that she left the majority of her clothes, handbags, and shoes in St. Thomas in calendar year 2000 but did not provide specific examples or values. Defendant testified that she did not keep track of what jewelry was in New York and St. Thomas and that some of the jewelry she brought to New York was stolen. Defendant testified that she is unsure which paintings she left behind in St. Thomas. Many of the items Defendant desires are of sentimental value, including the parties' wedding and family photo albums and their daughter's childhood documents and memorabilia.

---

[9] Defendant's Exhibit 1 consists of Defendant's monthly income and expenses; income verification; and list of desired personal possessions and their purported value.

Many of the items Defendant desires were paid for through the parties' joint bank account with Banco Popular and are therefore jointly owned, including the furniture and appliances.

Plaintiff testified that much of the initial furniture for the home bought in the year 1989 was damaged by Hurricanes Hugo and Marilyn. Plaintiff further testified that Defendant removed most of her belongings in the year 2000, including her clothing, shoes, handbags, jewelry, the photo albums, and some artwork and furniture. Plaintiff stated that he did not discard any of her belongings. He testified that he painted most of the paintings in the home, with the exceptions of the one he purchased and one that was a gift from Defendant's sister. Plaintiff also testified that the crystal, china, and silverware, as well as Defendant's desk and her sister's painting, are still in the home and offered to make them available to the Defendant at her convenience. Additionally, there are boxes in their daughter's bedroom which Plaintiff has not opened; and invited Defendant to inspect them for her alleged missing belongings.

 Accordingly, the Court finds that the Defendant has failed to prove her ownership of the furniture and appliances and as such, they are deemed to be jointly owned since they were acquired during the marriage with joint funds. They were jointly purchased before the year 2000. Plaintiff has continuously resided in the home since that time, and they are of little or no value to anyone else due to their deterioration over the years. Defendant does not reside in St. Thomas and does not have a permanent residence, according to her testimony. Based on Plaintiff's concession, the Court finds provable ownership of the crystal, china, silverware, desk, and Defendant's sister's painting to the Defendant, which she may obtain at a time agreeable to the parties, but no later than six (6) months after entry of the Divorce Decree. The Court finds that insufficient information was provided in regards to clothing, shoes, jewelry, handbags, documents, antiques, and picture albums desired by Defendant. The record is void of any evidence of the existence and true value of those personal items. The Court could not confirm whether any of these desired items are still in the home since the parties testified to the extensive damage to their home from Hurricanes Hugo and Marilyn in 1989 and 1995 respectively. Consequently, the Court does not find provable ownership of the clothing, shoes, jewelry, handbags, documents, antiques, and picture albums, even if they exist.

## C. Alimony

■ The Court may decree marital support and maintenance in accordance with Title 16 V.I.C. § 109(3). "In determining whether alimony is warranted, the court must consider the circumstances surrounding the parties, the wife's necessities, the husband's financial ability, the physical condition of the parties, the nature of their life together, and the wife's independence and ability to earn her own way." *Morris v. Morris*, 20 V.I. 249 (Terr. Ct. 1984). *See also Poe v. Poe*, 7 V.I. 30, 409 F.2d 40 (3d Cir. 1969).

The Defendant requests Five Hundred Dollars ($500.00) to Nine Hundred Fifty-two Dollars and Sixty-three Cents ($952.63) in alimony. Defendant testified and provided evidence that she receives Six Hundred Nine Dollars and Sixty-four Cents ($609.64) from her retirement pension, as reflected in Defendant's Ex. 1.[10] Defendant provided further testimony that she gets an unspecified amount of assistance from family and friends to cover her monthly expenses. Defendant retired in calendar year 2000 and is able and interested in working again but has not sought employment. Defendant testified that she did some part-time work when she relocated to New York but primarily cared for ill parents, who have since passed. Defendant testified that she is Sixty-six (66) years old and is eligible for Social Security benefits but has yet to apply. In addition, she testified that she has received an estimated Nine Thousand Dollars ($9,000.00) from Plaintiff since she relocated to New York.

Defendant testified and provided evidence that she has monthly expenses of One Thousand Nine Hundred Seventy-four Dollars ($1,974.00) in Defendant's Ex. 1.[11] Defendant testified that she pays Seven Hundred Fifty Dollars ($750.00) in rent and Two Hundred Thirty-nine Dollars ($239.00) in utilities each month, also submitted in her Ex. 1.[12] However, Defendant testified that she does not have a single residence and spends time between the homes of her daughter, sisters, and friends. Defendant testified that she pays her daughter, sisters, and friends what she can to contribute to their bills. Defendant did not provide any

---

[10] Defendant's Exhibit 1 consists of Defendant's monthly income and expenses; income verification; and list of desired personal possessions and their purported value.

[11] *Id.*

[12] *Id.*

133

evidence of monthly rental payments, medication, doctor visits, personal items, transportation costs, or incidentals.

Plaintiff testified that he is Sixty-two (62) years old and provided evidence that the income from his employment at the Department of Education barely covers, and at times is insufficient to cover his expenses. Plaintiff also testified that he solely pays the mortgage and taxes on the home and he is in arrears, as provided in Plaintiff's Ex. 1 and 2.[13] The monthly mortgage payment is One Thousand Four Hundred Forty Dollars ($1,440.00) and the balance is about One Hundred Thirty Thousand Dollars ($130,000.00) according to Plaintiff's testimony. Defendant testified that Plaintiff has additional income in computer repairs, with a restaurant, and the rental income of the one-bedroom apartment. Plaintiff responded that he did receive income from computer repairs between 2001 and 2006, but no longer performs such work since he does not have time to do so. He testified that he helped a friend start a restaurant but never received income from it. Plaintiff also testified that the one-bedroom apartment is vacant and in need of repairs. Furthermore, the previous tenant of two (2) years owes Plaintiff about Eight Thousand Dollars ($8,000.00) in outstanding rent. He does not expect the arrearage to be paid until the previous tenant obtains employment, since he has no other means of paying.

Both parties are in their sixties and have no serious health concerns. Both parties testified that Plaintiff's highest level of education is a high school diploma with some years of college; while Defendant earned two Masters degrees during the marriage. It is disputed between the parties who made more money during the marriage, but both parties deposited their employment checks into the same Banco Popular bank account and used those shared funds for bills, groceries, and mortgage payments. Plaintiff testified that he continues to provide health insurance for Defendant as he has done since the year 1990. Defendant testified that she was unaware that she was still covered on her husband's health insurance.

The Court finds Defendant's list of expenses, based on her sworn testimony, ambiguous and unreasonable. The Defendant did not provide credible evidence to support her monthly expenses of rent, utilities,

---

[13] Plaintiff's Exhibit 1 consists of Plaintiff's monthly income and expenses for January 2012 – August 2012. Plaintiff's Exhibit 2 consists of Plaintiff's monthly income and expenses for August 2013 – February 2014.

incidentals, transportation, personal items, and other expenses. The Court also finds that the Defendant has the ability to supplement her current income from her retirement pension, through Social Security benefits, but has failed to do so. The Defendant has failed to sufficiently demonstrate her need. The Plaintiff is struggling financially and does not have the ability to support Defendant.

After considering the foregoing factors as well as the distribution of personal property, the ownership of the homestead, and the other circumstances surrounding the parties, the Court concludes that Defendant is not in need within the meaning of Title 16 V.I.C. § 109(3) and Plaintiff is unable to pay alimony.

Accordingly, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court acknowledges that the parties agree to the divorce and for Defendant's continued use of her married name. Based on the parties' testimony and admitted evidence, the Court finds the following in regards to alimony and real and personal property distribution. Defendant is not in need of alimony within the meaning of Title 16 V.I.C. § 109(3) and Plaintiff is unable to pay alimony. Parcel No. 403Ab, Estate Hospital Ground, St. Thomas, U.S. Virgin Islands does not qualify as the marital homestead and is not subject to equitable distribution as part of this divorce action. The furniture and appliances in Parcel No. 403Ab, Estate Hospital Ground are jointly owned. The crystal, china, silverware, desk, and Defendant's sister's painting are owned by the Defendant, in which she may obtain at a time agreeable to the parties, but no later than six (6) months after entry of the Divorce Decree. There is no provable ownership or existence of the clothing, shoes, jewelry, handbags, documents, antiques, and picture albums.

## FINDINGS OF FACT

1. The Plaintiff is an inhabitant and domiciliary of the U.S. Virgin Islands, and has resided therein continuously and uninterruptedly for at least six (6) weeks prior to the commencement of this action.

2. The parties were married on April 27, 1974 in Brooklyn, New York.

3. There has been a breakdown of the marital relationship to the extent that the legitimate objects of matrimony have been destroyed and there remains no reasonable likelihood that the marriage can be preserved.

4. There are no minor children of the marriage.

5. The Plaintiff has waived the right to alimony and is forever barred therefrom. The Defendant requests alimony.

6. The parties have no jointly owned real property requiring distribution by the Court.

7. The parties have personal property requiring distribution by Court.

8. The Defendant requests the right to retain the use of her married name, to wit: "SIMMONDS-CORNEIRO."

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over the parties and this subject matter pursuant to Title 4 V.I.C. § 76(a) and Title 16 V.I.C. § 106.

2. There has been a breakdown of the marital relationship to the extent that the legitimate objects of matrimony have been destroyed and there remains no reasonable likelihood that the marriage can be preserved.

3. The Plaintiff is entitled to a Decree of Divorce Absolute from the Defendant thereby dissolving the marriage entered into between the parties on April 27, 1974 in Brooklyn, New York.

4. There are no minor children of the marriage.

5. The Plaintiff has waived the right to alimony and is forever barred therefrom. The Defendant is not entitled to alimony, having failed to establish her need and the Plaintiff's ability to pay pursuant to Title 16 V.I.C. § 109.

6. The parties have no jointly owned real property requiring distribution by the Court.

7. The Plaintiff is entitled to keep the furniture and appliances of the home. The Defendant is entitled to the crystal, china, silverware, desk, and Defendant's sister's painting, which she may obtain at a time agreeable to the parties, but no later than six (6) months after entry of the Divorce Decree.

8. The Defendant is entitled to retain the use of her married name, to wit: "SIMMONDS-CORNEIRO."