CLIFFORD W. L. CALLWOOD, Plaintiff
v.
ELSE E. CALLWOOD, Defendant

Civil Action No. 76-1955
District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 21, 1958

*See, also, 158 F. Supp. 54*

CROXTON WILLIAMS, ESQ., Charlotte Amalie, Virgin Islands, *for plaintiff*

JAMES A. BOUGH, ESQ., Charlotte Amalie, Virgin Islands, *for defendant*

MARIS, *Circuit Judge*

This case is another round in a lengthy legal battle between the plaintiff son and the defendant mother which they have been carrying on in this court and in the court of appeals for nearly ten years. Various phases of this controversy are disclosed in the opinions of the Court of Appeals in Callwood v. Kean, 3 Cir., 1951 (2 V.I. 526), 189 F.2d 565; Callwood v. Virgin Islands National Bank, 3 Cir., 1955 (3 V.I. 540), 221 F.2d 770, and Callwood v. Callwood, 3 Cir., 1956 (3 V.I. 579), 233 F.2d 784. This case is a sequel and, I hope, a final one to the case last mentioned which was Civil Action No. 37-1954 in this court. The basic controversy between the parties concerns their respective rights and interests in certain properties in the town of Charlotte Amalie which belonged to Richard E. C. Callwood, father of the plaintiff and husband of the defendant, who died in 1917. Finally on August 30, 1953, the parties signed a partition agreement and a deed of partition dated August 31, 1953, purporting to divide the properties between them. The defendant subsequently repudiated the agreement and deed, refusing to acknowledge them so that they could be recorded, and the plaintiff thereupon brought suit to take proof of

the deed of partition and to direct that it be recorded. In that suit, which was Civil Action No. 37-1954 above mentioned, after an advisory jury had rendered a special verdict and the court had filed an opinion on March 28, 1955, 3 V.I. 154, 129 F. Supp. 582, adopting the findings of the jury a final judgment was entered on April 6, 1955, adjudging the partition agreement and deed of partition to be valid and directing that both be recorded. This judgment was affirmed by the Court of Appeals on June 4, 1956. Callwood v. Callwood, 3 V.I. 579, 3 Cir., 1956, 233 F.2d 784.

It appears that the defendant had previously been in possession of all the properties, including those which by the agreement and deed were to become the individual property of the plaintiff, and that the plaintiff at some time after August 31, 1953 threatened to collect the rents of the latter properties. Accordingly this court on September 17, 1954, on the motion of the defendant issued an order restraining both parties from collecting rents from the disputed properties until their respective rights therein were determined and appointing an agent (for whom another was subsequently substituted) to collect the rents of the disputed properties commencing September 1, 1954 and to deposit them with the clerk of this court to be held in escrow pending the determination which litigant was entitled to them. Following the affirmance of the final judgment of this court in that case holding that the deed conveying these properties from the defendant to the plaintiff was valid and should be recorded, this court by an order entered July 20, 1956, directed that the balance of rentals thus collected by the agent appointed by the court, amounting after payment of expenses to $3,570.59, should be paid to the plaintiff, Clifford W. L. Callwood, and the payment was made.

The present suit was brought on April 2, 1955, by the

plaintiff, Clifford W. L. Callwood, for an accounting by the defendant for the rents collected by her from the properties conveyed to him by the deed of partition from the date of the deed, August 31, 1953, to the date of the restraining order, September 17, 1954, and for a decree directing the defendant to pay the plaintiff the amount of net rents collected by her as shown by the accounting. The defendant's answer asserted that she was not legally obligated to account to the plaintiff for the rents in question because the deed of partition was not acknowledged or delivered and was, therefore, not effective as a conveyance until after it had been adjudged by this court to be valid and had been recorded pursuant to the final judgment of the court. She also asserted that the deed was not to be effective until after the plaintiff had performed his obligation under the partition agreement to pay off a certain mortgage mentioned in the agreement.

■ The judgment of this court entered in Civil Action No. 37-1954 on April 6, 1955 and affirmed by the Court of Appeals on June 4, 1956, Callwood v. Callwood, 3 Cir., 1956 (3 V.I. 579), 233 F.2d 784, is res judicata between the parties to the present action, who were the parties to that one. Under the aspect of the doctrine of res judicata known as collateral estoppel any questions of fact or law necessarily decided in the former action must be taken as settled between the parties and they are, therefore, estopped from relitigating those questions in this action. Restatement, Judgments, Secs. 68, 70. This is a salutary doctrine designed to terminate contention by prohibiting relitigation of the same issues and the wisdom of its application to this unfortunate litigation is obvious.

■ What facts then were decided in the prior case which are sought to be questioned again in this one? The first is the fact that the deed of partition between these parties was signed on August 30, 1953, *to become effective*

*on August 31, 1953*. The second is the fact that the deed was valid and entitled to be recorded. And lastly, on the basis of these facts, it was decided as a matter of law that the plaintiff was entitled to the net rents of the properties conveyed to him by the deed which had been collected by the court-appointed agent including those which had been collected for the period prior to April 9, 1955, the date of the entry of the final decree of this court adjudging the deed to be valid. The defendant accordingly is estopped by the judgment entered by this court in the prior case on April 6, 1955 from asserting that the deed of partition was not valid or that it did not take effect between the parties on August 31, 1953. The fact that it was not then acknowledged or recorded would have rendered it ineffective as to innocent purchasers for value, 28 V.I.C. § 124, but did not affect its validity as a conveyance binding upon the parties to it. 45 Am. Jur., Records and Recording Laws, Sec. 141. Moreover the defendant is estopped by the order of July 20, 1956, from which she took no appeal, from asserting that the plaintiff was not entitled to the rents of the properties conveyed to him prior to the time that the deed of partition was declared valid by this court and recorded or prior to the time that he paid off the mortgage mentioned in the partition agreement. For the order of July 20, 1956, was necessarily based on a determination directly to the contrary of these propositions, namely, that the plaintiff was entitled to all the rents accruing after August 31, 1953, the effective date of the deed of partition. The fact that it related only to rents collected after September 17, 1954, is of no significance since that was merely the date on which this court, in the interest of peace, enjoined both parties from collecting or attempting to collect the rents pending court determination of their respective

rights. The order of that date obviously made no change in the then existing rights of the parties.

An order will be entered directing the defendant to account for the rents collected by her which accrued after August 31, 1953, from the properties conveyed to the plaintiff by the deed of partition dated August 31, 1953, such account to be taken and stated before the District Court Commissioner within 30 days from the date of the order. When the account has been approved by the District Court Commissioner he shall report the balance of rents due by the defendant to the plaintiff and a final judgment will then be entered in favor of the plaintiff and against the defendant in that amount, with interest, costs and an appropriate attorney's fee.