**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 96-2202**

———————————

In Re: MICHELE M. FREES, d/b/a From The Heart,
a/k/a Michele M. Fries,

                                        Debtor - Appellee.

_____


MICHELE M. FREES, Individually and as Trustee,

                                        Plaintiff - Appellee,

        versus

JOHN GIBNEY,

                                        Defendant - Appellant,

        and

EDWARD GIBNEY; ELEANOR GIBNEY; STEPHEN SEGALL,

                                        Defendants.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Richard L. Voorhees, Chief District Judge. (CA-93-275-1, BK-91-10359, AP-91-1490)

———————————

Submitted: October 10, 1997        Decided: October 28, 1997

———————————

Before HALL and HAMILTON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Albert Lee Sneed, Jr., VAN WINKLE, BUCK, WALL, STARNES & DAVIS, P.A., Asheville, North Carolina, for Appellant. David G. Gray, Jr., WESTALL, GRAY & CONNOLLY, Asheville, North Carolina, for Appellees. Michele M. Frees, Flat Rock, North Carolina, Appellee Pro Se.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

   Appellant appeals the district court's orders (1) affirming the bankruptcy court's order determining that Appellee was the owner of certain property in the Virgin Islands and (2) denying his motion for reconsideration. We have reviewed the record and the district court's opinions and find no reversible error. Accordingly, we affirm substantially on the reasoning of the district court. Frees v. Gibney (In re: Frees), Nos. CA-93-275-1; BK-91-10359 (W.D.N.C. Jan. 29, 1996; Aug. 15, 1996). To the extent that the district court erred by applying North Carolina law to its analysis of the validity of the conveyance at issue, we find any such error harmless as our review of Virgin Islands law reveals that the same result would have been reached. See V.I. Code Ann. tit. 28, § 42 (1997) (valid conveyance requires that deed be signed by grantor in presence of two witnesses and notarized); Callwood v. Callwood, 158 F. Supp. 54, 56 (D.V.I. 1958) (holding that, although deed of partition was not acknowledged or recorded at time of execution, the validity of the conveyance as between the parties was unaffected). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.[*]

AFFIRMED

---

[*] Appellee's motion to expedite is hereby denied.