**WILLIAM BROWNE, Appellant**
**v.**
**SONIA BROWNE, Appellee**

D.C. Civ. App. No. 2001/90

District Court for the Virgin Islands

Division of St. Croix

May 3, 2004

B. PATRICIA WELCOME, ESQ., St. Croix, U.S.V.I., *Attorney for Appellant*

AMELIA JOSEPH, ESQ., St. Croix, U.S.V.I., *Attorney for Appellee*

FINCH, MOORE and THOMAS, *Judges*

## MEMORANDUM OPINION

*Per curiam.*

William Browne ["Appellant", "William"] appeals from an order of the Family Division of the Territorial Court requiring him to pay temporary alimony and alimony in gross to Sonia Browne ["Appellee", "Sonia"]. This Court is now asked to decide whether the temporary alimony award of $700 monthly for two years, the $6,500 lump sum award to the appellee for the purchase of a car and the initial cost of obtaining an apartment, and the award of $801 to defray appellee's travel expenses connected with this litigation constituted an abuse of the court's discretion. For the reasons more fully stated below, the Territorial Court's alimony award is affirmed.

## I. STATEMENT OF THE FACTS AND PROCEDURAL POSTURE

William and Sonia Browne were married in 1991. Sonia came to the marriage with one child; however, no children were borne of the couple's marriage. For the full term of the marriage, Sonia was a homemaker. On December 29, 1999, Sonia filed an action for divorce. [Joint Appendix ("J.A.") at 2]. The parties submitted to mediation and as a result of such mediation entered into a property settlement agreement. [J.A. at 228]. As a result of that mediation, the parties agreed, *inter alia,* that William would continue to reside in the marital homestead at No. 152 Estate Work & Rest until the time of sale, after which they would share equally in the proceeds; no mortgage remained owing on that home. [*Id.*]. Additionally, Sonia relinquished her interest in the parties' cars for a payment of $2,000, and William retained both vehicles owned by the parties. [*Id.* at 230]. The parties left the issue of alimony to the court. After a hearing on that issue, the Territorial Court ordered alimony of

$700 monthly for a period of two years and alimony *in gross* of $6,500. [J.A. at 8-11]. This appeal followed.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

This appeal from the April 9, 2001 order of the Family Division was timely brought under this Court's jurisdiction, pursuant to title 4, section 33 of the Virgin Islands Code. We review alimony awards for abuse of discretion. *See Feddersen v. Feddersen*, 68 F. Supp. 2d 585, 590(D.V.I. App. Div. 1999). In that regard, we may disturb the court's factual determinations only if clearly erroneous, while the court's application of law is subject to plenary review. *See Bloch v. Bloch*, 473 F.2d 1067, 1068-69 (3d Cir. 1973).

### B. Did the Trial Court's Alimony Order Constitute An Abuse of its Discretion?

William argues the trial court abused its discretion in ordering the various alimony amounts.

■ Alimony awards are properly within the jurisdiction of the Territorial Court's Family Division. *See* V.I. CODE ANN. tit. 16, § 109(3) (1997). That statute permits the court to exercise its discretion to award to "a party *determined to be in need thereof* an amount of money in gross or in installments, as may be necessary for the support and maintenance of such party." 16 V.I.C. § 109(3) (emphasis added). This Court has set forth the following considerations which must be factored in the court's proper exercise of its discretion under 16 V.I.C. § 109(3):

> [T]he amount of property of each spouse, the circumstances surrounding the parties, the wife's necessities, and the husband's financial ability, the physical condition of the parties, the nature of their life together, and in these modern times the wife's independence and ability to earn her own way, which must all be considered by the court in the exercise of its discretion in awarding or denying alimony. *Feddersen*, 68 F. Supp. 2d at 595 (citing *Coman v. Coman*, 492 F.2d 273, 278 (3d Cir. 1974). Thus, the touchstone for alimony determinations is a finding of need of one party and the ability of the other to pay for those needs. *See id.; see, also, Poe v. Poe*, 409 F.2d 40, 42-43 (3d Cir. 1969) ("statutory

627

authorization of alimony does not necessarily mean that a wife is entitled to such an award in every case").

## 1. Temporary Alimony

William's first challenge surrounds the court's order of temporary alimony amounting to $700 monthly over a two-year period. He contends his ability to pay those amounts was not properly determined as required under our jurisprudence and, therefore, constitutes an abuse of discretion.

A review of the trial record belies William's assertion that the court arbitrarily ordered alimony without balancing the factors outlined in *Feddersen, supra.* After a hearing on the issue, the court entered an order in which it specifically made reference to its consideration of the required factors:

> William Browne's ["Defendant"] financial ability to pay alimony is evident, despite his claims to the contrary. Nonetheless, the Court's decisions turns on Sonia Browne's ["Plaintiff"] ability to pay her own way, her necessities and her physical condition.
>
> In the instant case, it is clear that Plaintiff has established sufficient proof of her inability to pay her own way to warrant alimony. Specifically, at age forty-five (45) Plaintiff lacks marketable skills because she remained unemployed for the past sixteen (16) years .... . Accordingly, she relies on the gratuity of her mother for daily support and maintenance ... .
>
> Against this background, it is clear that Plaintiff does not have sufficient assets to provide for her immediate financial needs. As per Plaintiff's Financial Statement, we find that her reasonable and necessary monthly expenses total $700.00.

[J.A. at 8-11]. Coupled with that evidence of Sonia's dire circumstances, the trial court also had before it evidence that William earned between $47,000 and $65,000 annually from 1996 to 2000. [J.A. at 81-82], and had a savings balance of approximately $3,400. [*Id.* at 77]. He also owned a car and a truck and remained in the marital abode, for which there was no mortgage, [J.A. at 147], until such time as it was sold.

■ The trial court in this instance considered the appropriate factors as required in this jurisdiction and, after such consideration, found the appellee to be sufficiently in need of assistance to restart her life and the appellant fully capable of rendering such assistance. Those findings are amply supported in the record, and no abuse of discretion is found.

## 2. Alimony in gross

We turn next to the lump sum award of $6,500, designated for the purpose of addressing Sonia's need for a car, the initial cost of obtaining an apartment, and for defraying $801 in travel expenses associated with prosecuting this divorce action.

William asserts two grounds of error: 1) the court's failure to determine his ability to pay, and; 2) the court's improper designation of alimony to address Sonia's need for a car, given the parties' mediation agreement providing for William to pay Sonia $2,000 for her interest in the couple's car. We have already determined above that the trial court properly considered William's financial ability and his ex-wife's needs. Therefore, we address only the propriety of the trial court's consideration of Sonia's need for a car in determining the amount of alimony in gross.

Following mediation, the parties entered into an agreement to have William pay $2,000 in exchange for Sonia "relinquish[ing] interest in the couple's Diamante car and truck." [J.A. at 230]. William now assumes that this precludes the lump sum alimony award to fulfill Sonia's need for a car, arguing such an award constitutes a double payment for the same purpose.

■ The purpose of an alimony award is to ensure that a spouse who has become accustomed to a comfortable way of life in the marriage is not suddenly left destitute as an incident of the divorce. *See Knowles v. Knowles,* 354 F. Supp. 239 (D.V.I. 1973). However, the division or settlement of marital property has an entirely different purpose: to equitably apportion the marital property of the parties. *See Yonadi v. C.I.R.,* 21 F.3d 1292, 1295-96 (3d Cir. 1994) ("The essence of equitable distribution is its recognition of the contribution of each former spouse to the accumulation of property during marriage.") (citation omitted). As the Territorial Court recognized in *Charles v. Charles,* 21 V.I. 283 (Terr. Ct. 1985):

> The method of property settlement is a remedy distinct from and supplemental to, the alimony powers conferred by 16 V.I.C. § 109(3). Unlike alimony, it proceeds on the basis of the equities ... . It is also unlike alimony in that it represents a limited and one time obligation. It should, therefore, be seen as an additional procedure available in divorce actions.

*Id.* (citation and internal emphasis omitted); *see* 16 V.I.C. 109(3), 109(4). Settlement or equitable division, whether in the form of an interest in property or a sum of money for the value of the respective interest, merely seeks to sever previously shared ownership interests in property by permitting payment of a sum proportionate to the spouse's interest in that property. As the Third Circuit has explained: "When the state court grants a payment of money in lieu of dividing the property, the payer will be the owner of that former marital property after the divorce. The payee will have no ownership interest in that property." *Yonadi,* 21 F.3d at 1295-96. Thus, alimony awards are prospective, while equitable distribution of property is essentially retrospective, in that it serves to compensate for each party's respective interests and contributions made during the marriage. Implicit in the two separate schemes is a recognition that a spouse who, because of her lesser financial standing, requires future maintenance and support does not thereby forfeit any entitlement to share in the marital property which she helped to acquire during the marriage.

On analogous facts, this Court found improper the trial court's implicit merger of two different awards—that for alimony and child support—given the different purposes inherent in each. See *Barbel v. Barbel,* 1988 U.S. Dist. LEXIS 18433 (April 12, 1988). This Court, therefore, remanded an award of alimony in gross which muddled issues surrounding the court's resolution of child support and its intended purpose of providing for maintenance and support of the spouse. In discussing the problem inherent in mixing the two different support schemes, which had the result of leaving the spouse with an inadequate maintenance award, the Court noted:

> In order for an award of alimony to be meaningful, i.e., to actually be for support and maintenance of the spouse, it is important that what is identified as alimony not be, in actuality, the repayment to a parent of child support expenses. Rather than being payment for

past expenses, the purpose of alimony is to provide for the future sustenance or support of a former spouse.

*Id.* (internal citations omitted). Here, as in *Barbel,* it is important to avoid equating the transferring of a person's ownership interest from a car as one for payment for support, which has the effect of transmuting what is already owned into a repayment for one's own support.

In this instance, the $2,000 provided for in the mediation agreement was part of the division of property owned by the couple and not—as William appears to suggest—a payment of money for Sonia's purchase of a car. Thus, it represented an interest which already belonged to Sonia—an interest which she agreed to relinquish for a sum of $2,000, permitting William to now enjoy full and unimpeded ownership of the vehicles. Except to the extent relevant in determining her financial standing for the purpose of assessing need, the fact of that payment is not determinative of William's duty to provide for Sonia's future maintenance and support.

The trial court's award is affirmed.