**EILEEN M. HARVEY, Appellant/Defendant**

**v.**

**LIONEL C. CHRISTOPHER, Appellee/Plaintiff**

S. Ct. Civ. No. 2007-0115

Supreme Court of the Virgin Islands

July 19, 2011

565

BRUCE P. BENNETT, ESQ., Hunter Cole & Bennett, St. Croix, USVI, *Attorney for Appellant.*

H.A. CURT OTTO, ESQ., H.A. Curt Otto, P.C., St. Croix, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(July 19, 2011)

HODGE, C.J. Appellant Eileen M. Harvey requests that this Court reverse the Superior Court's December 23, 2009 Order, which held that

Plot No. 515 Sunny Acres, St. Croix, does not qualify for equitable distribution as a marital homestead, as well as the Superior Court's August 16, 2007 Order denying alimony in gross and September 18, 2007 Order denying reconsideration of the August 16, 2007 Order. Because the failure to record a properly executed deed, without more, does not render the deed invalid, and since Harvey failed to assert a claim for alimony in her answer, this Court, for the reasons that follow, affirms all three orders.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

This matter originally came before the Court pursuant to Harvey's October 9, 2007 notice of appeal, which requested that this Court review (1) the Superior Court's August 16, 2007 Order holding that Plot No. 515 does not constitute a marital homestead, and that Harvey waived her claim to alimony in gross from her former husband Lionel C. Christopher — who she had been legally married to from December 1, 1990 to October 4, 2005 — because she had failed to assert a claim for alimony in gross in her initial answer to Christopher's divorce petition or to file an amended answer or a counterclaim to Christopher's amended petition; (2) a September 18, 2007 Superior Court Order denying Harvey's motion for reconsideration of the August 16, 2007 Order; and (3) the Superior Court's purported denial of Harvey's motion to re-open the case on the ground that a certificate obtained from the Recorder of Deeds identified Christopher as the owner of Plot No. 515. This Court, however, in a January 22, 2009 Opinion, found that Harvey's appeal was not ripe for appellate review because the Superior Court never ruled on her motion to re-open, and that motion — if granted — could moot several of the issues Harvey had raised on appeal. *See Harvey v. Christopher*, S. Ct. Civ. No. 2007-0115, 2009 WL 331304, at *3 (V.I. Jan. 22, 2009) (unpublished). Accordingly, this Court remanded the matter to the Superior Court so that it may rule on Harvey's motion to re-open, and held Harvey's appeal in abeyance pending the Superior Court's decision. *Id.*

---

[1] Because this Court's previous opinion in this matter fully sets forth the factual and procedural history of this case prior to this Court's remand to the Superior Court, *see Harvey v. Christopher*, S. Ct. Civ. No. 2007-0115, 2009 WL 331304, at *1-2 (V.I. Jan. 22, 2009) (unpublished), we only set forth, in this opinion, the factual and procedural background that is directly relevant to the issues presently before the Court.

■ While the Superior Court never formally ruled on Harvey's motion to re-open, the Superior Court implicitly granted the motion by holding a hearing on October 14, 2009 to determine whether Plot No. 515 constitutes a marital homestead.[2] At this hearing, the Superior Court considered testimony from the parties, as well as from Portia Acosta — a representative from the Office of the Recorder of Deeds — and several of Christopher's friends and relatives. In addition, the parties offered several exhibits into evidence relating to the ownership of Plot No. 515, including (1) a title history document maintained by the Recorder of Deeds identifying Christopher as the owner of Plot No. 515 from May 8, 1992 to the present; (2) a warranty deed recorded in 1981 transferring ownership of Plot No. 515 to both Christopher and his son, Rosbert Christopher; (2) a quitclaim deed recorded in 1988 transferring Christopher's ownership interest to his son; (3) a March 26, 1990 mortgage between Christopher's son and the federal Small Business Administration for Plot No. 515; (4) a recorded deed of gift, dated March

---

[2] We note that this Court's January 22, 2009 Opinion did not expressly authorize the Superior Court to take any steps other than ruling on Harvey's motion to re-open, and that in most circumstances, this Court would declare that the Superior Court's additional proceedings were void because it lacked jurisdiction to act outside of the scope of this Court's limited remand order. *See, e.g., Video Shack, Inc. v. Smith,* 2003 Ohio 5149, ¶ 8 (Ohio Ct. App. 2003) (unpublished). However,

> [t]he "jurisdiction" of a trial court following an appeal . . . is circumscribed by decisional law in order to avoid confusion and waste of time stemming from parallel proceedings concerning the same matter. The latter is a matter of scope, not competence.
>
> The rule against trial court action affecting matters on appeal is grounded not in metaphysical notions regarding transfer of power, but on practical considerations concerning efficient judicial administration.

*Stebbins v. Stebbins,* 673 A.2d 184, 189-190 (D.C. 1996). *See also Peterson v. Peterson,* 98 N.M. 744, 652 P.2d 1195, 1197 (1982) (declining to remand matter to trial court simply to allow issuance of written findings of fact and conclusions of law simultaneously with its judgment, even though trial court technically lacked jurisdiction under rules of civil procedure to issue written findings of fact and conclusions of law one month after rendering its judgment, when remand for this purpose alone would serve "no meaningful purpose" and accomplish nothing "other than incurring additional delay and further expense"). Consequently, while the better practice would have been for the Superior Court to immediately notify this Court of its inclination towards allowing the parties to present new evidence and re-open the case, and for the parties to then request that this Court dismiss the pending appeal, *see, e.g., Lewis v. Alexander,* 987 F.2d 392, 395 (6th Cir. 1993), this Court recognizes that vacating the December 23, 2009 Order and remanding the matter for a new hearing would bring about the same result and serve no purpose other than additional delay and expense and, accordingly, overlooks the Superior Court's technical error.

20, 1992, conveying Plot No. 515 to Christopher from Christopher's son; and (5) an unrecorded deed, dated August 13, 1993, transferring ownership of Plot No. 515 from Christopher back to Christopher's son. At the conclusion of the October 14, 2009 hearing, the Superior Court, noting that the matter presented an issue of first impression in Virgin Islands law, took the matter under advisement.

The Superior Court issued its written findings of fact and conclusions of law in a December 23, 2009 Order, in which it held that Plot No. 515 could not qualify as a marital homestead because (1) the August 13, 1993 deed transferred ownership of the property to Christopher's son; (2) Harvey had failed to introduce any evidence that she had made any investments in Plot No. 515 during the marriage or while Christopher wholly owned the property; and (3) Harvey had removed all the furnishings she had brought into the property or bought during the course of the marriage when she vacated the premises prior to the divorce. Furthermore, the Superior Court referred to, without any additional discussion, its prior holding that Harvey had waived her claim to alimony in gross. After the Clerk of the Superior Court transmitted the Superior Court's December 23, 2009 Order to this Court on January 11, 2010, this Court issued a January 27, 2010 Order which (1) lifted the abeyance; (2) dismissed Harvey's appeal of the August 16, 2007 and September 18, 2007 Orders as moot as they pertained to the issue of whether Plot No. 515 qualified for equitable distribution as a marital homestead; (3) retained jurisdiction over the portions of those orders relating to Harvey's claim for alimony; and (4) ordered Harvey to notify this Court, within fourteen days, if she desired appellate review of the December 23, 2009 Order, or if she only wished to pursue an appeal with respect to the alimony issue.

On February 5, 2010, Harvey notified this Court that she "requests review of the Superior Court's December 23, 2009 [Order] and further requests the Court to consider the August 16, 2007 and September 18, 2007 Orders of the Superior Court with respect to the issue of alimony."[3]

---

[3] In addition to filing her February 5, 2010 notice, Harvey also filed a new notice of appeal with the Superior Court on January 20, 2010. However, as this Court explained in its January 27, 2010 Order, the filing of a second notice of appeal was not necessary for this Court to obtain jurisdiction over the Superior Court's December 23, 2009 Order since this Court did not relinquish jurisdiction over Harvey's appeal in its January 22, 2009 Opinion, which only

Accordingly, this Court, in a February 9, 2010 Order, required the parties to submit new briefs addressing the correctness of the December 23, 2009 Order as well as the August 16, 2007 and September 18, 2007 Orders as they pertained to the alimony issue.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

██ ██ "The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees [and] final orders of the Superior Court . . . ." V.I. CODE. ANN. tit. 4, § 32(a). Therefore, because the Superior Court has now ruled on all outstanding motions in this matter, Harvey's appeal is now properly before this Court. But, as a threshold matter, we note that, although Harvey previously requested that this Court review the Superior Court's August 16, 2007 and September 18, 2007 Orders as they relate to the issue of alimony, her new appellate brief only argues for reversal of the Superior Court's December 23, 2009 Order and does not discuss the Superior Court's previous finding that her request for alimony in gross had been waived. As this Court has recently explained,

> Supreme Court Rule 4(c) states that a notice of appeal "shall designate the judgment, order, or part thereof appealed from and the reason(s) or issue(s) to be presented on appeal." Importantly, however, "[a]ppellate courts will only review a claimed error that . . . is supported by argument and citations to legal authority." *Vern Sims Ford, Inc. v. Hagel*, 713 P.2d 736, 742 (Wash. Ct. App. 1986). Thus, issues raised in a notice of appeal which are not argued in the appellant's brief are waived. *See, e.g., Canady v. Crestar Mort. Corp.*, 109 F.3d 969, 973-74 (4th Cir. 1997) (holding that issues raised in notice of appeal but not briefed on appeal are deemed waived); *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 36 (1st Cir. 1994) ("[I]ssues a[d]verted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived for purposes of appeal."); *Ansell v. Green Acres Contracting Co., Inc.*, 347 F.3d 515, 526 (3d Cir. 2003).

ordered a record remand rather than a case remand. *See Hypolite v. People*, 51 V.I. 97, 102-03 (V.I. 2009) (explaining that a record remand, unlike a case remand, does not require a party to file a new notice of appeal after the Superior Court has issued its decision).

*Bernhardt v. Bernhardt*, 51 V.I. 341, 345-46 (V.I. 2009). Nevertheless, because (1) this Court retained jurisdiction over the alimony issue in its January 22, 2009 Opinion and January 27, 2010 Order; (2) Harvey's February 5, 2010 response manifested an intent for this Court to review the alimony determination; and (3) the parties' prior briefs adequately discussed this issue, this Court exercises its discretion to — notwithstanding any potential waiver — review the Superior Court's August 16, 2007 and September 18, 2007 Orders as they relate to alimony in gross based on the previously-submitted briefs.

The standard of review for this Court's examination of the Superior Court's application of law is plenary, while the trial court's findings of fact are reviewed for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007). However, to the extent its decision is not based on legal conclusions or factual findings, this Court reviews the Superior Court's distribution of marital assets in a divorce for abuse of discretion. *See Armstrong v. Armstrong*, 266 F. Supp. 2d 385, 392 (D.V.I. App. Div. 2003). Likewise, "[t]he appropriate standard of review for denial of a motion to reconsider is generally abuse of discretion but, if the trial court's denial was based upon the interpretation or application of a legal precept, then review is plenary." *Lucan Corp. v. Robert L. Merwin & Co.*, S. Ct. Civ. No. 2007-0015, 2008 V.I. Supreme LEXIS 19, *5 (V.I. 2008) (unpublished).

### B. Equitable Distribution

In her new appellate brief, Harvey contends that the Superior Court erred when it denied equitable distribution of Plot No. 515 as a marital homestead because Christopher remained the record owner of Plot No. 515 on the date of the parties' divorce and the August 13, 1993 deed could not have transferred ownership of Plot No. 515 to Christopher's son because the deed was never recorded and had not been disclosed to Harvey. Specifically, Harvey requests that this Court hold that she "was reasonably entitled to rely upon the March 20, 1992 Deed of Gift" and deem her an "innocent purchaser in good faith and for a valuable consideration" who "should therefore be afforded the protection of

28 V.I.C. § 124."[4] (Appellant's Br. 10-11.) Christopher, however, argues "[t]he failure to record does not mean there was no transfer of title," for "transfer was completed when there was delivery of the properly executed Deed of Gift." (Appellee's Br. 9.) Moreover, according to Christopher, Harvey cannot qualify for any protection under section 124 of title 28 of the Virgin Islands Code because she did not pay fair market value for Plot No. 515. (*Id.*)

■■■■ Pursuant to Virgin Islands law, the Superior Court possesses jurisdiction to equitably distribute a marital homestead during a divorce action, *see* 33 V.I.C. § 2305(d), but lacks jurisdiction to modify the property rights of individuals who are not parties to the divorce action. *See, e.g., Armstrong*, 266 F. Supp. 2d at 394. Under Virgin Islands law at the time Christopher filed his petition for divorce and Harvey sought equitable distribution of Plot No. 515, a "homestead" was defined as "the abode including land and buildings, owned by, and actually occupied by, a person, or by members of his family free of rental charges." 33 V.I.C. § 2305(a).[5] Although the Virgin Islands Code does not expressly define a "marital homestead," both the United States Court of Appeals for the Third Circuit and the Appellate Division of the District Court correctly interpreted section 2305(a) in conjunction with section 2305(c) of title 33 to hold that a "marital homestead" is any "homestead" in which a husband and wife both reside during the marriage and that is owned by one or both of the spouses. *See, e.g., Charles v. Charles*, 788 F.2d 960, 964 n.8 (3d Cir. 1986); *Todman v. Todman*, 15 V.I. 518, 520 n.2, 571 F.2d 149, 150 n.2 (3d Cir. 1978); *Armstrong*, 266 F. Supp. 2d at 394. Consequently, if Christopher's son — an individual whose property rights the Superior Court lacks jurisdiction to affect during a divorce action in which Harvey and Christopher are the parties — possesses ownership, in whole or in

_____

[4] "Every conveyance of real property hereafter made within the Virgin Islands which is not filed for record shall be void against any subsequent innocent purchaser in good faith and for a valuable consideration of the same real property, or any portion thereof, whose conveyance is first duly recorded." 28 V.I.C. § 124.

[5] In 2008, the Legislature passed, and the Governor signed into law, Act. No. 6991, which amended section 2305(a) of title 33 to define a "homestead" as "the abode including land and buildings, owned by, and actually occupied by, the property owner, or by members occupied by, a person, or by members of the property owner's family free of rental charges." However, we agree with the parties that the law applicable as of 2005, in place when the property transactions at issue took place, governs this appeal.

part, of Plot No. 515, a distribution of Plot No. 515, if any, could only occur in a separate civil action for partition.[6] *Id.*

■■ We agree with Christopher and the trial court that the failure to record the August 13, 1993 deed did not have any effect on its validity, for under Virgin Islands law a person may transfer ownership of real property during his or her lifetime "by a deed of conveyance or other instrument in writing" that is "signed by the person" doing the transfer or his agent "and executed with such formalities as are required by law." 28 V.I.C. § 241(a)(2). Chapter 3 of title 28 sets forth the "formalities . . . required by law" for the execution of a deed within the Virgin Islands, which are that the deed be "executed in the presence of two witnesses, who shall subscribe their names to the same as such," 28 V.I.C. § 42(a), and that, if the person signing the deed is the one making the transfer, that the person "be[] of lawful age." 28 V.I.C. § 41. *See also S&S Services, Inc. v. Rogers*, 40 V.I. 320, 324, 35 F. Supp. 2d 459, 462 (D.V.I. 1999) (identifying the "requirement that the deed be signed by a conveyer of lawful age, or his agent, and that it be executed in the presence of two witnesses" as the formal requirements for executing a valid deed in the Virgin Islands). Importantly, while section 41 provides that "[a] conveyance of lands . . . *may* be . . . recorded as directed in this title," (emphasis added), section 241(a)(2) does not mandate recording, but only execution. *See Callwood v. Callwood*, 3 V.I. 287, 291, 158 F. Supp. 54, 56 (D.V.I. 1958) ("The fact that it was not then acknowledged or recorded would have rendered it ineffective as to innocent purchasers for value, 28 V.I.C. § 124, but did not affect its validity as a conveyance binding upon the parties to it.").

■ Here, the August 13, 1993 deed bears Christopher's signature, states that it is transferring ownership of Plot No. 515 from Christopher

---

[6] At the October 14, 2009 hearing, Harvey contended that a property qualifies as a marital homestead if it was owned by one of the spouses at *any* point during the marriage, even if it was transferred to a third party prior to initiation of any divorce proceedings. (J.A. 92-93.) Although Harvey has not renewed this argument on appeal, we note that, pursuant to section 101 of title 16 of the Virgin Islands Code, the parties to a divorce action are the husband and wife, and thus the authorization in section 2305(d) for a court hearing a divorce action to equitably distribute a marital homestead precludes the Superior Court from affecting the legal rights of a third individual who is not a party to the divorce action. *See Armstrong*, 266 F. Supp. 2d at 394 (explaining that Superior Court lacks jurisdiction to equitably distribute, in a divorce action, a property in which a third person has an ownership interest).

to his son, bears the signature of two witnesses, and contains a signed statement by a notary public attesting that the deed was executed in the notary's presence, (J.A. 231-32), which constitutes proof of execution pursuant to section 43 of title 28.[7] Moreover, at no point during the October 14, 2009 hearing did Harvey contend that Christopher was not of lawful age when he signed the deed or that any of the prerequisites for execution — as opposed to recording — had not been satisfied. Therefore, we hold that the Superior Court did not err when it held that the August 13, 1993 deed, while not recorded, conveyed Plot No. 515 from Christopher to Christopher's son.

■ Likewise, we agree that section 124 of title 28 does not affect the validity of the August 13, 1993 deed. As a threshold matter, the record contains no indication that Harvey, at any stage of the Superior Court proceedings, ever argued that she was a "subsequent innocent purchaser in good faith and for a valuable consideration" or otherwise placed the Superior Court on notice that section 124 could apply to her case. Thus, because, "an issue not raised in the [trial] court will not be heard on appeal" in a civil case "absent extraordinary circumstances," which may exist "where the error is so serious and flagrant that it goes to the very integrity of the trial," *Madir v. Daniel*, 53 V.I. 623, 635 (V.I. 2010) (internal quotation marks omitted), Harvey has waived her section 124 argument.

■ ■ Nevertheless, even if this Court were to consider Harvey's section 124 claim raised for the first time on appeal, Harvey has failed to point to any evidence in the record to indicate that section 124 has any applicability to this matter. Pursuant to section 124, "[e]very conveyance of real property hereafter made within the Virgin Islands which is not filed for record shall be void against any subsequent innocent purchaser in good faith and for a valuable consideration of the same real property, or any portion thereof, whose conveyance is first duly recorded." Thus, even

---

[7] This statute provides, in full, as follows:

Proof of the execution of any conveyance may be made before any officer authorized to take acknowledgment of deeds and shall be made by a subscribing witness thereto who shall state his own place of residence and that he knows the person described in and who executed the conveyance. Such proof shall not be taken unless the officer is personally acquainted with the subscribing witness or has satisfactory evidence that he is the same person who was a subscribing witness to the instrument.

28 V.I.C. § 43.

if we were to assume without deciding that Harvey possessed no knowledge that Christopher had conveyed Plot No. 515 to his son, section 124 — which essentially codifies the good-faith purchaser exception developed through the common law — would only void the unrecorded August 13, 1993 deed if Harvey could prove that Christopher subsequently conveyed Plot No. 515 to her in exchange for consideration, and that the conveyance to Harvey was duly recorded before the prior conveyance to Christopher's son. *See, e.g., Hi-Fort, Inc. v. Burnette,* 42 N.C. App. 428, 257 S.E.2d 85, 88 (1979) (explaining that one who inherits land is not a purchaser for purposes of good faith exception); *Salt Lake County v. Metro West Ready Mix, Inc.,* 2004 UT 23, 89 P.3d 155, 159 (2004) (interpreting statute with language similar to that in to section 124 to hold that one who obtains an interest in property by means other than a recorded deed conveying property from the present record owner in exchange for consideration cannot qualify as a good faith purchaser for purposes of displacing a prior valid, but unrecorded, conveyance). Importantly, section 124 does not relieve a subsequent innocent purchaser from the obligation of complying with the requirements for a valid conveyance of real property established by section 241(a)(2), including that the conveyance be in writing, be signed by the transferor, and comply with the formalities set forth in sections 41 and 42. Therefore, since the record contains no evidence that a deed conveying Plot No. 515 from Christopher to Harvey in exchange for consideration, signed by Christopher and two witnesses, was ever recorded, the Superior Court would have had no basis to hold that section 124 voided the August 13, 1993 deed. Accordingly, we affirm the Superior Court's holding that Plot No. 515 did not qualify as a marital homestead and was not subject to equitable distribution as part of the divorce action.

## C. Alimony in Gross

Harvey, in her original appellate brief, argued that the Superior Court erred when it denied her alimony in gross on the basis that she expressly waived any claim to alimony in her initial answer because, at the time that answer was filed, Christopher's petition had represented Plot No. 515 as the marital homestead. Christopher, however, contended in his original brief that the Superior Court expressly provided Harvey with the opportunity to amend her answer after it granted Christopher's March 21, 2006 motion to amend his petition to withdraw the claim that Plot No. 515

was a marital homestead, but that Harvey failed to do so and thus could not assert a counterclaim for alimony for the first time at trial.

 We agree that the Superior Court did not err when it deemed that Harvey waived her right to assert a counterclaim for alimony in gross. Although Superior Court Rule 83 does not require that the respondent in a case pending in the Family Division of the Superior Court file a formal written answer, Harvey chose to file an answer that expressly waived any claim for alimony, and she failed to withdraw or amend that answer even when the Superior Court, in a July 7, 2007 Order, directed Harvey to file an amended answer in light of Christopher's amended petition within twenty days. Moreover, while the Superior Court may allow a party to "amend any . . . pleading for any omission or defect therein" and, "[i]f a party is surprised as a result of such amendment. . . adjourn the hearing to some future day," such amendments are not as of right, but are vested in the sound discretion of the Superior Court. SUPER. CT. R. 8. In addition, Harvey failed to explain why an amended answer had not been filed prior to the hearing date, particularly given that that almost seventeen months had passed between Christopher's March 21, 2006 motion and the August 15, 2007 hearing. Under these circumstances, as well as the fact that an alimony determination is a fact-intensive inquiry that would have required the parties to present additional evidence not related to whether Plot No. 515 qualified as a marital homestead, the Superior Court did not abuse its discretion when it bound Harvey to the waiver of alimony expressly stated in her initial answer and not withdrawn or amended even after the order directing such action to be taken in a specified period. Thus, there was no abuse of discretion by the trial court in prohibiting her from asserting a counterclaim for alimony for the first time at trial.[8] *Cf.*

---

[8] Moreover, this Court notes that, at the August 15, 2007 hearing, Harvey's counsel repeatedly informed the Superior Court that Harvey is capable of supporting herself and that her claim for alimony in gross, if permitted to proceed, would be for the sole purpose of compensating her for her lost interest in Plot No. 515. In addition, Harvey, in her initial reply brief in this matter, also expressly stated that she "is not in need of financial assistance to cope with her day to day living expenses" and that alimony in gross was sought at the August 15, 2007 hearing as compensation for not obtaining equitable distribution of Plot No. 515 as a marital homestead. Accordingly, even if the Superior Court had allowed Harvey to amend her answer to assert an alimony claim at the August 15, 2007 hearing, the amendment would have been futile since Virgin Islands law only authorizes, in a divorce action, "recovery for . . . an amount of money in gross . . . as may be necessary for the support and maintenance of such party." 16 V.I.C. § 109(a)(3). *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed.

*Durrett v. C.I.R.*, 71 F.3d 515, 518 (5th Cir. 1996) (affirming denial of motion for leave to amend filed eight days before trial, where no valid reason for delay was given, and granting amendment would have resulted in piecemeal resolution of issues).

 Finally, this Court holds that the Superior Court did not abuse its discretion when it denied Harvey's motion for reconsideration. As a threshold matter, Harvey's motion is simply captioned "Motion for Reconsideration," and does not explain under what court rule the motion had been brought. *See, e.g.*, *Harris v. Garcia*, S. Ct. Civ. No. 2008-0082, 2010 V.I. Supreme LEXIS 3, at *3 (V.I. Jan. 14, 2010) (unpublished) (explaining that different legal standards govern "motions for reconsideration" brought pursuant to LRCi 7.3, Superior Court Rule 50, FED. R. CIV. P. 59, and FED. R. CIV. P. 60); *Ruiz v. Jung*, S. Ct. Civ. No. 2008-0035, 2009 WL 3568182, at *3 (V.I. Oct. 19, 2009) (unpublished) (same). More significantly, the portion of Harvey's motion relating to reconsideration of the alimony issue simply states that "[Harvey] submits that the Court's determination that any claim for alimony to be waived as a result of [Harvey]'s failure to file an answer or a counterclaim is contrary to law," without citing to any case law, statutes, court rules, or other legal authority, or making any other argument in support of reconsideration.[9] Therefore, although the Superior Court summarily denied Harvey's motion without explaining the reasons for the

2d 222 (1962) (holding trial court not required to allow an amendment when amendment would have been futile); *Browne v. Browne*, 45 V.I. 625, 630-31 (D.V.I. App. Div. 2004) (unpublished) ("Rather than being payment for past expenses, the purpose of alimony is to provide for the future sustenance or support of a former spouse.").

[9] We note that Harvey, in her reply brief, contends that the Superior Court acted contrary to law because there is a difference between alimony awarded in gross and alimony awarded over a period of time, and asserts that case law cited at the August 15, 2007 hearing supports this proposition. However, even if this Court were to entertain an argument raised in Harvey's reply brief but not in her motion for reconsideration, neither of the cases Harvey cited — *Ayer v. Ayer*, 9 V.I. 371 (D.V.I. 1973) and *Dyndul v. Dyndul*, 13 V.I. 376, 541 F.2d 132 (3d Cir. 1976) — stands for this proposition and, in fact, case law in both this and other jurisdictions suggests that the term "alimony" encompasses both simple alimony and alimony in gross. *See, e.g.*, *Ayer*, 9 V.I. at 380 (applying same legal standard to "monthly alimony" and "lump sum gross alimony"); *Herring v. Herring*, 666 So. 2d 927, 928 (Fla. App. 1995) (denying lump sum alimony because "Appellee's counter-petition contained no request for alimony, and the parties' stipulation and agreement expressly waived alimony."). *See also* 16 V.I.C. § 109(a)(3) (authorizing Superior Court, in divorce action, to issue final order "for the recovery for a party determined to be in need thereof an amount of money *in gross or in in-*

denial, the Superior Court could not have abused its discretion because a single conclusory sentence unsupported by any argument or authority would not warrant reconsideration under any of the rules applicable to Superior Court proceedings. *See*, e.g., *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (holding that trial courts do not abuse discretion in denying motions seeking reconsideration based on conclusory statements); *Menetee v. Mimony*, No. 02-7001, 2002 U.S. App. LEXIS 4346, at *2 (D.C. Cir. Feb. 26, 2002) (unpublished) (same).

## III. CONCLUSION

For the reasons stated above, this Court affirms the Superior Court's December 23, 2009 Order, as well as the portions of the August 16, 2007 and September 18, 2007 Orders pertaining to alimony.

---

*stallments*, as may be necessary for the support and maintenance of such party. . . .") (emphasis added)