**VALERIE L. STILES, Appellant/Intervenor**
**v.**
**JOHN P. YOB, ERICA L. YOB, ETHAN EILON, and LINDSEY EILON,**
**Appellees/Plaintiffs**

**CAROLINE FAWKES, IN HER OFFICIAL CAPACITY AS**
**SUPERVISOR OF ELECTIONS, VIRGIN ISLANDS BOARD OF**
**ELECTIONS AND THE BOARD OF ELECTIONS, DISTRICT OF ST.**
**THOMAS-ST. JOHN, and GOVERNMENT OF THE VIRGIN ISLANDS,**
**Nominal Appellees/Defendants**

S. Ct. Civil No. 2016-0036

Supreme Court of the Virgin Islands

July 13, 2016

EDWARD L. BARRY, ESQ., Law Offices of Edward L. Barry, St. Croix, USVI, *Attorney for Appellant.*

J. RUSSELL B. PATE, ESQ., The Pate Law Firm, St. Thomas, USVI, *Attorney for Appellees John P. Yob, Erica L. Yob, Ethan Eilon, and Lindsey Eilon.*

CAROLINE FAWKES, St. Croix, USVI, *Pro se.*[1]

SU-LAYNE U. WALKER, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellee Government of the Virgin Islands.*[2]

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(July 13, 2016)

HODGE, *Chief Justice.* Valerie L. Stiles, an intervenor in the underlying litigation, appeals from the Superior Court's April 25, 2016 order summarily denying her leave to file a superseding amended answer, as well as its July 2, 2016 opinion providing the reasons for that decision.[3]

---

[1] Neither Caroline Fawkes nor the Board of Elections has entered an appearance in this appeal or otherwise filed any documents with this Court.

[2] On July 11, 2016, the Government of the Virgin Islands filed a "Notice of Non-Participation" with this Court, stating that it has elected not to file a brief or participate in oral argument in this matter.

[3] In her notice of appeal, Stiles also states that she was appealing from the Superior Court's May 11, 2016 order denying her motion for reconsideration of the April 25, 2016 order. However, because Stiles's appellate brief contains no legal argument with respect to why the Superior Court erred in denying reconsideration, her appeal of the May 11, 2016 order is deemed waived. V.I.S.CT.R. 22(m) ("Issues that . . . are only adverted to in a perfunctory manner or unsupported by argument and citation to legal authority, are deemed waived for purposes of appeal."); *Bernhardt v. Bernhardt*, 51 V.I. 341, 346 (V.I. 2009).

For the reasons that follow, we conclude that the Superior Court erred when it denied Stiles's motion solely based on her status as an intervenor, and therefore reverse the April 25, 2016 order and remand the case to the Superior Court for further proceedings.

## I. BACKGROUND

This Court, in an early opinion in this matter, summarized most of the factual and procedural background of this appeal:

> On March 9, 2016, John P. Yob, Erica L. Yob, Lindsey Eilon, and Ethan Eilon sued the Supervisor of Elections — Caroline Fawkes — as well as the Virgin Islands Joint Board of Elections and the Board of Elections for the St. Thomas–St. John District. In their verified complaint, the Yobs and Eilons challenged Fawkes's decision to remove them from the list of electors for the Election District of St. Thomas and St. John for purportedly not complying with the residency requirements set forth in 18 V.I.C. § 262. Specifically, they argued that Fawkes had misinterpreted the statute to impose a 90 day waiting period prior to qualifying for registration as an elector, and that, in the alternative, a 90 day waiting period was unconstitutional. On the same day, they filed a motion for a temporary restraining order enjoining Fawkes and the Boards of Elections from declaring them ineligible to vote, since revoking their voter registrations could interfere with their candidacies to serve as at-large delegates to the Republican National Convention, who would be selected at the Virgin Islands Republican Caucus to be held on March 10, 2016.
>
> The Superior Court granted the temporary restraining order on March 10, 2016. On March 17, 2016, Stiles filed a motion to intervene in the matter, which the Superior Court granted on March 29, 2016. On the same day, the Superior Court converted the temporary restraining order into a preliminary injunction. Stiles filed an "Expedited Motion for Leave to File Superseding Amended Answer in Intervention and Counterclaim" on April 11, 2016, which the Superior Court summarily denied in an April 25, 2016 order without explaining its reasoning. Subsequently, Stiles filed a motion for reconsideration of the April 25, 2016 order, which the Superior Court denied on May 11, 2016. Although the Superior Court stated that it would issue an opinion explaining its basis for denying Stiles's motion, it ha[d] not yet done so.

On May 23, 2016, Stiles filed a document captioned "Expedited Motion for Rule 54(b) Certification, Alternative Motion for Certification; Alternative Motion for Certification Under 4 V.I.C. § 33(c)." The Superior Court, in a May 26, 2016 order, stated that it was certifying its April 25, 2016 and May 11, 2016 orders for immediate appeal under Federal Rule of Civil Procedure 54(b), which it concluded were applicable through Superior Court Rule 7. However, the Superior Court failed to certify either of these orders for interlocutory appeal under 4 V.I.C. § 33(c).

*Stiles v. Yob*, S. Ct. Civ. No. 2016-0027, 2016 V.I. Supreme LEXIS 23, at **2-3 (V.I. June 8, 2016) (unpublished).

Stiles attempted to appeal the April 25, 2016 and May 11, 2016 orders to this Court. However, on June 8, 2016, this Court dismissed her appeal for lack of jurisdiction because Federal Rule of Civil Procedure 54(b) is a "wholly invalid" means of certifying an interlocutory appeal to this Court, and the Superior Court never certified any of its orders for immediate appeal under 4 V.I.C. § 33(c). *Stiles*, 2016 V.I. Supreme LEXIS 23 at *3. Moreover, this Court observed that the practical finality exception to the final judgment rule could not apply because the Superior Court had promised to issue an opinion explaining the reasoning for its denial of Stiles's motion to amend, but had not yet done so. *Id.*, 2016 V.I. Supreme LEXIS 23, at *6 n.2.

On July 2, 2016, the Superior Court issued an opinion explaining its reasons for denying the motion to amend. The Superior Court outlined the extensive procedural history of the case, and noted that the matter before it was limited to the existence of the 90-day durational requirement, since in an earlier decision it had precluded Fawkes from arguing, as a defense, that the Yobs and Eilons were not bona fide Virgin Islands residents since they allegedly spend more than 50 percent of their time in Michigan. (J.A. 8-9.) It also noted that Fawkes had elected to abandon the case after the Superior Court converted the temporary restraining order into a preliminary injunction.

Although the Superior Court recognized that permitting Stiles to challenge the Yobs' and Eilons' residency as a counterclaim would bring

that matter definitively before it,[4] it denied the motion to amend her answer to assert such a counterclaim solely due to her status as an intervenor. (J.A. 12.) In reaching that decision, the Superior Court recognized that, in *Bryan v. Fawkes*, 61 V.I. 201, 221 (V.I. 2014), this Court held an "intervenor is treated as if [it] were an original party and has equal standing with the original parties," and therefore could not resurrect a claims-processing rule that the original defendant had already waived. Nevertheless, the Superior Court announced that it "finds inspiration" from a case decided by the United States Court of Appeals for the Second Circuit in which "[e]fficiency . . . is the cardinal consideration" as to whether an intervenor could assert a counterclaim. (J.A. 14-15.)

Applying the standard announced by the Second Circuit, the Superior Court concluded that "[a]lthough Stiles's counterclaim is thematically related to Plaintiffs' cause of action in the superficial sense that it concerns similar terminology, i.e. residency, the underlying claims are fundamentally dissimilar in terms of the relevant law and facts," which "would require a fact-intensive evidentiary investigation" that would be "an order of magnitude larger than the case between the original parties." (J.A. 16.) For this reason, the Superior Court denied the motion. On the same day, the Superior Court issued a declaratory judgment decreeing that the Virgin Islands Code does not impose a 90-day durational residency requirement on prospective Virgin Islands voters, in effect preventing Fawkes or the Boards of Elections from revoking the Yobs' or Eilons' voter registrations on that basis.

Stiles filed a notice of appeal with this Court on July 7, 2016, and moved that this Court expedite the appeal because this Court's decision may affect the certification of Virgin Islands delegates to the Republican National Convention, which is set to begin on July 18, 2016. This Court, in an order issued the same day, granted the motion and set an expedited schedule in which the parties were to file all briefs by July 11, 2016, with oral argument scheduled for July 12, 2016.

---

[4] It is not clear from the record why the Superior Court believed that the Yobs and Eilons' bona fide residency could not be challenged as a defense to their claim that their voter registrations were wrongfully cancelled, but could only be asserted as a counterclaim. *Cf. Antilles Sch., Inc. v. Lembach*, 64 V.I. 400, 427 n.12 (V.I. 2016) ("[A]n appellee may defend a judgment on any alternative ground without taking a cross-appeal." (citing *Jennings v. Stephens*, 574 U.S. ___, 135 S. Ct. 793, 799, 190 L. Ed. 2d 662 (2015))).

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

■■ This Court has appellate jurisdiction over "all appeals from the decisions of the courts of the Virgin Islands established by local law." 48 U.S.C. § 1613a(d); *see also* 4 V.I.C. § 32(a) (granting this Court jurisdiction over "all appeals arising from final judgments, final decrees or final orders of the Superior Court"). Because the Superior Court's July 2, 2016 declaratory judgment, combined with its earlier orders, "end[ed] the litigation on the merits and leave[ ] nothing to do but execute the judgment," this Court has jurisdiction over this appeal. *Rojas v. Two/Morrow Ideas Enters., Inc.*, 53 V.I. 684, 691 (V.I. 2010) (quoting *V.I. Gov't Hosps. & Health Facilities Corp.*, 50 V.I. 276, 279 (V.I. 2008)).[5]

■ This Court ordinarily reviews the denial of a motion to amend an answer or other pleading only for abuse of discretion. *Harvey v. Christopher*, 55 V.I. 565, 577 (V.I. 2011). However, review is plenary when the Superior Court exercises its discretion based on the interpretation of application of a legal precept. *Corriette v. Morales*, 50 V.I. 202, 205 (V.I. 2008).

### B. Intervenor Status

In her appellate brief, Stiles maintains that the Superior Court misinterpreted this Court's decision in *Bryan*. Specifically, Stiles argues that *Bryan* clearly stands for the proposition that "an intervenor is to be treated as an equal litigant," and that the effect of this equal treatment is that an intervenor is "subjected . . . to the same procedural constraints as the original defendant," i.e., that an intervenor cannot assert a claim that

---

[5] In their brief, the Yobs and the Eilons maintain that this Court lacks jurisdiction over this appeal because Stiles lacks standing to file a notice of appeal when none of the original parties to the litigation have done so. However, "standing is at best a non-jurisdictional claims-processing rule in Virgin Islands courts, since Article III of the United States Constitution does not apply to local courts and no provision of Virgin Islands law includes a case-or-controversy requirement." *Hodge v. Bluebeard's Castle, Inc.*, 62 V.I. 671, 687 n.8 (V.I. 2015) (citing *Malloy v. Reyes*, 61 V.I. 163, 171 n.4 (V.I. 2014)); *see also* 4 V.I.C. § 32(a) (providing that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments" without limiting who may appeal from such a judgment). Consistent with this principle, this Court has previously permitted an intervenor to file and prosecute an appeal when the matter had been abandoned by the original defendant. *See Hansen v. O'Reilly*, 62 V.I. 494, 506 n.12, 509 (V.I. 2015).

is not available to the original defendant, such as demand enforcement of an already-waived claims-processing rule. (Appellant's Br. 15.)

We agree. In *Bryan*, this Court expressly held that "[o]nce a court grants intervention . . . the intervenor is treated as if [it] were an original party and has equal standing with the original parties." 61 V.I. at 221 (quoting *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1246 (11th Cir. 2006)). While this Court also said that "an intervenor is admitted to the proceeding as it stands . . . but is not permitted to enlarge those issues or compel an alteration of the nature of the proceeding," it did so in the context of an intervenor attempting to resurrect a standing defense — which, in the Virgin Islands court system, is, "at best . . . a claims-processing rule," that had already been waived by the original defendant. *Bryan*, 61 V.I. at 221-22 (citations and internal quotation marks omitted). In other words, *Bryan* stands for the simple proposition that once intervention is granted, an intervenor may not enlarge the proceedings beyond that which would be permitted by the original defendant, but may assert other claims that remain available.

This is consistent with how this Court has treated intervention in other cases. In *Bryan* itself, this Court considered, on the merits, a purely legal argument raised by the intervenor that had not been raised by the defendant. 61 V.I. at 239 n.30. And in a subsequent case, this Court permitted an intervenor to appeal a judgment and make legal arguments even though the original defendants had declined to appeal and effectively abandoned the matter. *See, e.g., Hansen v. O'Reilly*, 62 V.I. 494, 506 n.12, 509 (V.I. 2015) (permitting an intervenor to appeal in a case where the original defendants elected not to participate).

█ To hold otherwise would also undercut the policy reasons behind intervention. A court should not permit intervention unless, among other things, "the interest [of the would-be intervenor] is not adequately represented by an existing party in the litigation." *Anthony v. Indep. Ins. Advisors, Inc.*, 56 V.I. 516, 526 (V.I. 2012) (citation and internal quotation marks omitted). Significantly, this Court has held that "[w]here an applicant shares the same ultimate objective as an existing party to an action, a 'presumption of adequacy of representation' arises that can only be rebutted through a 'compelling showing' to the contrary." *In re Q.G.*, 60 V.I. 654, 664 (V.I. 2014) (quoting *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 951 (9th Cir. 2009)).

In other words, the Superior Court will ordinarily grant a motion to intervene upon a finding that the original defendant is not providing an adequate defense, such as by not asserting arguments that might deny the relief requested by the plaintiff. Yet if the Superior Court is correct that "[e]fficiency . . . is the cardinal consideration" with respect to whether an intervenor may raise a claim not asserted by the defendant (J.A. 15), then an intervenor would not be able to vindicate the very interest that likely gave rise to intervention being granted in the first place, since requiring the Superior Court to consider a claim raised by an intervenor but not asserted by the defendant will always be less efficient than simply limiting the issues to those raised by the original parties.

In this case, Stiles did not attempt to raise a defense personal to Fawkes, or resurrect a claims-processing rule that Fawkes had already waived. Consequently, the Superior Court erred when it denied Stiles's motion to amend her answer solely based on her status as an intervenor to the litigation.[6] Accordingly, we reverse the April 25, 2016 order and remand this matter to the Superior Court so that it may grant the motion to amend.[7]

---

[6] In their opposition to the motion to amend, the Yobs and the Eilons argued that Stiles's proposed counterclaim should be barred because title 18 of the Virgin Islands Code establishes a specific procedure to challenge a voter's bona fide residency, which includes filing a claim with the Board of Elections. In its July 2, 2016 opinion, the Superior Court acknowledged that the Yobs and the Eilons had argued "that Stiles had not exhausted her administrative remedies," but stated that because it "agrees with [their] argument concerning the limited scope of intervention," it "does not reach the other questions." (J.A. 12.) Notwithstanding the Superior Court's abstention, on appeal, the Yobs and the Eilons renew their argument as an alternate ground for affirmance. But while this Court possesses the discretion to consider this issue for the first time on appeal, *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 335-36 (V.I. 2007), we decline to do so given that this is a significantly expedited appeal in which only three business days separated the date of oral argument from the date the notice of appeal was filed. *See Martin v. Dugger*, 686 F. Supp. 1523, 1525 (S.D. Fla. 1988) ("issues of first impression" should be adjudicated "in a thoughtful and reasoned manner").

[7] Although "[t]he Superior Court shall be deemed always open for the filing of any emergency paper, of issuing and returning any emergency process and of making emergency motions and orders," SUPER. CT. R. 2, we recognize that the Superior Court may not be able to provide effective relief to Stiles before the commencement of the Republican National Convention on July 18, 2016. In order to eliminate any procedural bar to the Superior Court's immediate consideration of this matter, we order the Clerk of the Supreme Court to issue the mandate concurrently with this opinion. V.I.S.CT.R. 32(a).

## III. CONCLUSION

■ The Superior Court committed error when it denied Stiles's motion to amend her answer solely due to her status as an intervenor, since Stiles — having been granted permission to intervene — stood in a position equal to and on par with the original defendants, and could thus assert any claim available to them that had not been waived. Consequently, we reverse the Superior Court's April 25, 2016 order, and remand the case to the Superior Court with instructions to grant Stiles's motion to amend and to conduct other proceedings consistent with this opinion.